Giordano, Appellant, *v.* Bianco.

Argued June 21, 1967. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Alexander A. DiSanti,* with him *Richard, Brian & DiSanti,* for appellant.

*Raymond J. Porreca,* for appellees.

OPINION BY WATKINS, J., September 15, 1967:

This is an appeal in a workmen's compensation case from the order of the Court of Common Pleas No. 2 of Philadelphia County, affirming the decision of the Workmen's Compensation Board denying benefits to the claimant, Esther Giordano, widow of Marino Giordano, who died as the result of an alleged accident on June 7, 1960.

The history of the alleged accident is succinctly set forth in *Giordano v. Ralph J. Bianco, Inc.,* 204 Pa. Superior Ct. 219, 220, 203 A. 2d 396 (1964), as follows:

"The claimant-appellant, Esther Giordano, is the widow of the deceased employee, Marino Giordano, who died on June 7, 1960, from a myocardial infarction. He was employed as a carpenter. The accident is alleged to have happened on June 1, 1960 in that he fell off a scaffold. No one saw the alleged accident. There was testimony by a man who lived across the street that he had abrasions on his nose and a scratch on his

arm on the night of June 1; that he was working as a carpenter about one and one-half blocks from his home; there is no testimony that there were fellow workmen on the job; that he came home about one and one-half hours earlier than his usual quitting time; that the claimant and her daughter testified that he had a gash on his nose, that he was holding his head and had a big scratch on his arm; that he looked very pale; and he said 'he just fell off a scaffold at work'; that he went to lie down and didn't have supper that evening.

"The decedent had a prior record of treatment for a heart condition. There was medical testimony that his death from a myocardial infarction was the result of the fall from the scaffold or that it contributed to the infarction."

The referee admitted the testimony of the claimant and her daughter as being part of the res gestae and awarded benefits, making the following pertinent findings:

"That on the aforesaid day (June 1, 1960) while in the course of his employment with the defendant, claimant's decedent was struck by an overhead beam, causing him to fall from a scaffold, as a result of which he died of myocardial infarction on June 7, 1960.

"That the injury and fright attending the accident of June 1, 1960 when the decedent was struck by an overhead beam and thrown from a scaffold precipitated a heart attack which led directly to his death on June 7, 1960."

The board, on appeal, reversed the referee and substituted the following findings of fact and conclusions of law.

"FINDINGS OF FACT: Fourth: The decedent, Marino Giordano, died on June 7, 1960, as the result of a heart attack. Fifth: It was not established that the heart attack was the result of an accident in the course of the decedent's employment.

"CONCLUSIONS OF LAW: Second: Inasmuch as no accident was proven, the decedent's death is not compensable."

The Court of Common Pleas on appeal affirmed the order of the Workmen's Compensation Board denying compensation.

The Superior Court, on appeal, remanded it to the board for further proceedings on the ground that "the claimant in this case contends that her husband's death was the result of an accident in the course of his employment; the defendant contends that death was due to natural causes." This accident might well have happened and the claimant still have died from natural causes. However, the board and the court below put it on the ground that there was no accident and that the board did not capriciously disregard any competent evidence of an accident. In determining this the board and the court below rejected the testimony of the accident as being hearsay and not a part of the res gestae. This Court disagreed with the board and the court below and held that the evidence should have been admitted as part of the res gestae. The Court said further: "The credibility to be given these statements and the credibility of the medical testimony as to causation are, of course, for the board, which is not bound to believe, even uncontradicted testimony."

The board upon remand, admitted the testimony and found as a fact: "That the decedent, Mario Giordano, suffered an accident on June 1, 1960, and again on June 4, 1960, both in the course of his employment"; and set aside the second conclusion of law and substituted therefor: "The claimant has not established that the death of the decedent was a result of the accident of June 1, 1960 or the accident of June 4, 1960 or both of them. The claimant has therefore failed to meet her burden of proof."

The board did not dispose of the causation problem in its first opinion but relied entirely on the fact that there was no accident. The claimant now contends that the board capriciously disregarded the medical testimony in failing to find causation. With this we cannot agree. To constitute capricious disbelief there must be a willful deliberate disbelief of an apparently trustworthy witness, whose testimony, one of ordinary intelligence could not possibly challenge or entertain the slightest doubt as to its truth. *Pusey's Estate,* 321 Pa. 248, 184 A. 844 (1936).

The medical testimony in this case was carefully considered by the board. The board found that the testimony of Dr. Mintz was not sufficiently credible to connect the heart attack with the accident. It is within the province of the board to weigh conflicting expert testimony as to the cause of death and to accept or reject that of any witness. *Iezzi v. Creamer Construction Co.,* 200 Pa. Superior Ct. 265, 189 A. 2d 314 (1963); *Peron v. Phoenix Park Coal Co.,* 202 Pa. Superior Ct. 495, 198 A. 2d 370 (1964).

Order affirmed.