## Appeal of E. S.

Argued February 1, 1984, before Judges WILLIAMS, JR., BARRY and COLINS, sitting as a panel of three.

*H. Stanley Rebert,* for petitioner, York County Children and Youth Services.

*Suzanne H. Griest,* for appellee.

*Joseph R. Adamczyk, Jr., Anstine & Anstine,* for child advocate.

OPINION BY JUDGE COLINS, May 1, 1984:

York County Children and Youth Services (Youth Services) appeals from a Department of Public Welfare (DPW) Order which adopted the recommendation of the Hearing Officer granting E.S.'s (Father) request to expunge his child abuse record.

E.S. had appealed[1] the findings of a caseworker employed by Youth Services of indicated[2] abuse. DPW's Office of Hearings and Appeals sustained the appeal of the Father and expunged the indicated abuse report.

On February 26, 1982, E.S. attempted to administer corporal punishment to his son (B.S.). He struck his son several times with a belt.

On the above date, B.S.'s Mother, who is E.S.'s ex-wife, picked him up for a visit. Upon learning of the

---

[1] 11 P.S. Section 2215(d).

[2] Section 3 of the Child Protective Services Law, Act of November 26, 1975, P.L. 438, *as amended,* 11 P.S. Section 2203, provides:
"Indicated report" means a report pursuant to this Act if an investigation by the Child Protective Service determines that substantial evidence of the alleged abuse exists based on (i) available medical evidence and the Child Protective Service investigation, or (ii) an admission of the facts of abuse by the child's parent or person responsible for the child's welfare.

method of punishment, B.S.'s Mother took him to the emergency room at York Hospital where he was examined by Dr. Farkas. The doctor found that the child had sustained a slightly-raised welt in the lower right-hand portion of his back. There was no abrasion in the area and no bleeding.

Based upon his examination and a telephone consultation with Dr. Charles Reilly, Dr. Farkas filed a Child Abuse Report. The matter was referred by Youth Services to a caseworker. After an investigation, the caseworker found that E.S. had struck B.S. causing an injury to him. The caseworker determined that it was an indicated report, that is, that substantial evidence of child abuse existed.

An abused child is defined by the Child Protective Services' (CPS) law as "a child under 18 years of age who exhibits evidence of serious physical or mental injury not explained by the available medical history as being accidental, sexual abuse, or serious physical neglect. . . ." 11 Pa. C. S. §2203. The caseworker's finding was that E.S. had inflicted a serious physical injury upon his son.

DPW's regulations define serious, physical injury as that which "significantly jeopardizes the child's safety, causes the child severe pain, significantly impairs the child's physical functioning, either temporarily or permanently, or is accompanied by physical evidence of a continuous pattern of separate unexplained injuries to the child." DPW Social Services Manual, Section 2-23-43.

The issue presented herein is whether B.S. suffered a "serious" injury, as defined by CPS law. We find that there is substantial evidence to support DPW's findings, and affirm the expungement.

It is undisputed that E.S. struck his son with a belt. The medical testimony evidences that there was no impairment of B.S.'s physical functioning, either

temporarily or permanently. There is no evidence of a pattern of abuse or unexplained injuries to the child. Indeed, the facts show that this case involves an isolated incident.

We are, thus, left with the questions of whether the child's safety was jeopardized and whether the child suffered severe pain.

The Father was attempting to discipline his son. The Father's stated intent was to strike B.S. on the buttocks, because he felt no serious injury would result from such a blow. The child was struck on his lower back when he tried to avoid the blow of the belt.

Parents may use corporal punishment to discipline their children, so long as the force used is not designed or known to create a substantial risk of death, serious bodily injury, disfigurement, extreme pain, or mental distress or gross degradation.[3] *Boland v. Leska,* 308 Pa. Superior Ct. 169, 454 A.2d 75 (1982). Under the facts of the present case, the fact that this was an isolated incident, that no serious injury occurred, nor was any intended, it cannot be said that E.S. put B.S.'s safety in jeopardy.

The last issue presented is whether or not B.S. suffered severe pain. Dr. Farkas stated that a blow such as that received by B.S. could cause severe pain. The fact remains, however, that the child stated on the record that he did not suffer great pain. There is no reason to disbelieve his averments.

The records support the hearing officer's conclusion that no serious injury was inflicted upon the son, nor was any intended.

Accordingly, we conclude that the hearing officer did not err as a matter of law in her interpretation of the record.

We affirm.

[3] 18 Pa. C. S. §509(1).

ORDER

AND Now, this 1st day of May, 1984, the Order of the Executive Deputy Secretary of the Department of Public Welfare, No. 28-82-7, dated May 8, 1983, is hereby affirmed.