478 A.2d 876

**In the Interest of LESLIE H.**

**Appeal of HARRY and Donna H.**

Superior Court of Pennsylvania.

Argued April 3, 1984.

Filed July 13, 1984.

Thomas K. Wynne, Lebanon, for appellants.

Rosamond A. Presby, Assistant District Attorney, Lebanon, for participating party.

Before WICKERSHAM, OLSZEWSKI and HOFFMAN.

OLSZEWSKI, Judge:

This appeal follows an order remanding custody of appellant's daughter to the Lebanon County Children and Youth Services.

On December 17, 1982, Lynn E. Richards, an investigator for the Lebanon County Children and Youth Services, filed a petition alleging sexual abuse of the sixteen year old girl by her father. The agency claimed the girl was, as a result, an abused and dependent child without proper parental care or control necessary for her physical, mental or emotional health, or morals. *See* The Juvenile Act, 42 Pa.C.S. §§ 6301 *et seq.;* The Child Protective Services Law, 11 P.S. §§ 2201 *et seq.* It assumed temporary custody of the girl.[1] On January 6, 1983, a hearing was held in chambers before Judge John Walters. The court found the girl to be a dependent child, and ordered her custody remanded to the agency for placement in foster care or its equivalent.

Appellants challenge the sufficiency of the evidence of record to support the finding of dependency. They argue that the court below based its decision on evidence improperly admitted. If the inadmissible testimony were excluded,

1. Per a Voluntary Placement Agreement with appellants.

appellants contend that the basis of the adjudication of dependency would vanish.

We agree.

The court heard, over objections, testimony of the agency investigator chronicling a history of abuse allegedly suffered by the girl at her father's hand. Again over objections, it listened as the girl's best friend told of the girl's reaction to the abuse.

 That testimony forms the sum of the evidence *on record* of sexual abuse.[2] A court may find a child dependent only on proof by clear and convincing evidence. *In re Frank W.D.*, 315 Pa.Super. 510, 462 A.2d 708 (1983). The testimony offered by the Commonwealth, that of an agency investigator and the girl's best friend, was hearsay, incompetent to prove the truth of the matter asserted.[3] *In Interest of Jones*, 286 Pa.Super. 574, 429 A.2d 671 (1981). That testimony discounted, little remains on record to support the lower court's finding. Accordingly, we vacate the order and remand the case for a new hearing.

The facts, if properly admitted, would sustain a finding of dependency. For that reason, the child should remain in the protective custody of the Lebanon County Children and Youth Services pending a rehearing of the case on remand.

With an eye to the rehearing on remand, we examine the procedure below. There, after both the Commonwealth's and appellants' witnesses had testified, the judge took the girl in chambers and spoke with her alone. Neither parties

**2.** Appellants and their other daughter provided the remaining evidence of record. The father denied the allegations; the mother disbelieved the daughter and the sister testified that any contact with the father occurred "only when we were fooling and stuff, and tickling."

The court spoke with the girl alone, out of the presence of counsel and the parties. *Infra.*

**3.** A court could properly admit the testimony of what the child has told other people to establish what was in the mind of the child and the impact of the parent's conduct upon the child. *In re Rinker,* 180 Pa.Super. 143, 154, 117 A.2d 780 (1955). The record fails to establish that the court so limited use of the testimony.

nor counsel were present; no record was made of the testimony. Relying on this *in camera* testimony, the court adjudicated the girl dependent.

■■■ We appreciate the difficulties faced by the court below. The hearing was, in essence, an accusatory matter. An adjudication of dependency came only *after* the girl spoke out. In the presence of the court, she had to raise her finger and point it at appellant, her father. The judge acted to help the girl by hearing her testimony *in camera.* In the process though, he circumvented appellants' rights.

"It is a serious matter for the long arm of the state to reach into a home and snatch a child from its mother." *In re Rinker,* 180 Pa. at 148, 117 A.2d at 783. By closing the proceeding entirely, the court ignored the parents' rights. It denied them relevant information and violated their due process rights to confront and cross-examine the girl. *In Interest of Jones,* 286 Pa.Super. 574, 429 A.2d 671.

On remand, we suggest the court follow the procedure approved in *Cruz v. Commonwealth, Department of Public Welfare,* 80 Pa.Cmwlth. 360, 472 A.2d 725 (1984). That case also involved a hearing on alleged child abuse. The two minors in *Cruz* were questioned *in camera,* with only attorneys present. The court on review rebuffed a due process challenge to the proceeding:

Here, every procedural safeguard was observed short of allowing the appellant to be present when the children testified: the appellant's attorney was present and cross-examined the children; a transcript was made of the children's testimony; and the appellant knew the identity of the witnesses [his children] and had an opportunity to advise his attorney of any factors which he thought might cause them to testify out of bias, revenge or malice. *Id.,* 80 Pa.Cmwlth. at 366, 472 A.2d at 728.

The procedure employed in *Cruz, viz.,* attorneys present and testimony transcribed, seems to us to strike a rational balance between the competing interests. We adopt, then,

458

those safeguards as the minimum necessary to satisfy due process concerns.

Order vacated and case remanded for further proceedings consistent with this opinion. Jurisdiction relinquished.

WICKERSHAM, J., concurs in the result.