Michael Marsh, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs to Judges MacPhail, Doyle and Barry, sitting as a panel of three.

*Timothy P. Wile,* Assistant Public Defender, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, *Jay C. Waldman,* General Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE DOYLE, December 19, 1984:

Petitioner Michael Marsh appeals from the Order of the Pennsylvania Board of Probation and Parole (Board) which recommitted Petitioner to serve twenty-four months backtime as a technical parole violator.

On November 12, 1981, Petitioner was paroled from his sentence for robbery on the condition that he enroll in an out-patient drug treatment program. After a subsequent arrest for technical parole violations, Petitioner's parole agent imposed the following special condition:

[Y]ou must successfully complete the *entire* residential treatment program at Gaudenzia. . . . Upon discharge for *any* reason, you must report to agent . . . within 24 hrs. or no later than the next business day. (Emphasis in original.)

Petitioner attended the above mentioned program until December 20, 1982, when he was discharged because he had divulged confidential information about another patient. Following a violation hearing, the Board recommitted Petitioner to serve twelve months backtime for violations of general parole conditions, and an additional twelve months backtime for the violation of the special parole condition quoted above. The Board denied Petitioner relief upon administrative review, and appeal to this Court followed.

On appeal Petitioner challenges only that portion of the Board's order which recommitted him to twelve months backtime for violation of the special parole condition. Although Petitioner concedes that he did not "successfully complete" the Gaudenzia program, he argues that he did not violate the "spirit and intent" of the condition requiring him to receive drug treatment, because his discharge from Gaudenzia was not the result of drug abuse, and because he attempted to seek continued treatment after his discharge.

The Board has been granted broad discretion in parole matters, *Thompson v. Pennsylvania Board of Probation and Parole,* 78 Pa. Commonwealth Ct. 153, 466 A.2d 1149 (1983), and we will not interfere with

the exercise of that discretion, absent a violation of constitutional rights, a complete failure to act to exercise the discretion, or an arbitrary and capricious abuse of discretion. *Bradshaw v. Pennsylvania Board of Probation and Parole,* 75 Pa. Commonwealth Ct. 90, 461 A.2d 342 (1983). In the present case Petitioner *admits* that he violated the written requirements of his special parole condition. It is well within the broad discretion of the Board to demand strict compliance with the terms of its conditions, and to punish any noncompliance, regardless of the reasons therefor.

Petitioner also contends that the Board abused its discretion in recommitting him to twelve months backtime for violation of the special parole condition. Petitioner argues that a shorter sentence was appropriate in light of the mitigating evidence concerning his attempt to secure continued treatment after his discharge. Section 75.4 of the Board's regulations, 37 Pa. Code §75.4, sets forth presumptive ranges for recommitment of technical parole violators. While no presumptive range applies to a violation of a special condition of parole, such a violation must be dealt with at least as severely as the least serious of the general conditions. 37 Pa. Code §75.3(f); *Lewis v. Pennsylvania Board of Probation and Parole,* 74 Pa. Commonwealth Ct. 335, 459 A.2d 1339 (1983). The sentence imposed in this case was six months greater than the minimum sentence required for the least serious of the general conditions. Since the Board was under no maximum limitation in recommitting on the special parole violation, and exceeded its minimum by only six months, we can find no abuse of discretion in its action, regardless of whatever mitigating factors may have been present.

Accordingly, the Order of the Board recommitting Petitioner is affirmed.

486

ORDER

Now, December 19, 1984, the order of the Pennsylvania Board of Probation and Parole in the above captioned matter, dated June 7, 1983 is hereby affirmed.

---

DISSENTING OPINION BY JUDGE BARRY:
I dissent.

The special condition of parole was imposed so that petitioner would receive the structured drug treatment program in order to address his drug addiction. He was discharged from the drug program because he divulged confidential information. His dismissal did *not* result because of drug abuse, the problem which the special condition sought to remedy. Since the intent for which the condition was imposed was not violated, I would reverse.