509 A.2d 438

Barron M. Seyler, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs March 24, 1986, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Frederick I. Huganir,* Assistant Public Defender, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, May 16, 1986:

Barron Seyler petitions for review of an order of the Pennsylvania Board of Probation and Parole denying him administrative relief from a board recommitment order. The board revoked the petitioner's parole because of two technical parole violations under section 21.1 of the Pennsylvania Board of Parole Act,[1] and the board accordingly returned the petitioner to prison to serve eighteen months' backtime.

On February 13, 1979, the board had granted the petitioner parole from a four-to-fifteen-year sentence which he had been serving for burglary, theft and criminal conspiracy.

On January 19, 1985, the West Cocalico Township Police arrested the petitioner on charges of assaulting his stepson. Also on that day, the board filed a warrant charging that the petitioner had violated parole condition 3(c) by failing to notify his parole officer within seventy-two hours of a change in employment status, and that he had violated parole condition 5(c) by failing to refrain from assaultive behavior. A district justice later dismissed the criminal charges against the petitioner.

---

[1] Section 21.1 of the Act of August 6, 1941, P.L. 861, added by Section 5 of the Act of August 24, 1951, *as amended.* 61 P.S. §331.21(b).

The board held a violation hearing on May 19, 1985. The petitioner conceded that he had failed to give his probation officer timely notice of his change in employment, but he insisted that he had refrained from engaging in any assaultive behavior. The board determined that the petitioner had violated both conditions and recommitted him for the multiple violations.

The issue is whether substantial evidence supports the board's determination that the petitioner had engaged in assaultive behavior.[2]

The board based its decision on the parole officer's testimony and the petitioner's testimony. The parole officer testified that, during an interview on the day after his arrest, the petitioner admitted whipping his stepson with a belt and striking him across the face. The petitioner testified at the hearing that he spanked his stepson with a belt but not to the point of causing detrimental harm.

In Pennsylvania, parents may use corporal punishment in disciplining their children as long as the force used does not create a substantial risk of death, serious bodily injury, disfigurement, extreme pain or mental distress or gross degradation. 18 Pa. C. S. §509(1). However, permissible corporal punishment becomes malicious abuse when the parent acts with malicious intent in punishing the child. *Boland v. Leska,* 308 Pa. Superior Ct. 169, 454 A.2d 75 (1982).

The petitioner argues that the board had the burden of proving that the petitioner acted with malicious intent when he struck his stepson with a belt. However,

[2] This court's scope of review in parole recommitment cases is to determine whether the order is in accordance with law, whether the necessary factual findings are supported by substantial evidence, and whether the petitioner's constitutional rights were violated. *Chapman v. Pennsylvania Board of Probation and Parole,* 86 Pa. Commonwealth Ct. 49, 484 A.2d 413 (1984).

the burden of proving malicious intent belonged to the police, Children and Youth Services, and the stepson's school. The board's role was to determine whether the petitioner had violated a general condition of his parole by failing to refrain from assaultive behavior.

The petitioner attempts to overcome the axiom that provisions and rules of criminal law are not directly applicable to board recommitment actions by citing *Appeal of E. S.*, 82 Pa. Commonwealth Ct. 168, 474 A.2d 432 (1984), for the proposition that 18 Pa. C. S. §509 is applicable to all administrative proceedings and therefore must be applied in this revocation proceeding. In *Appeal of E. S.*, this court held that the 18 Pa. C. S. §509 provisions were the appropriate guidelines applicable to Children and Youth Services, the state administrative agency responsible for investigating and evaluating allegations of child abuse. That holding cannot be interpreted to apply to all state administrative agencies, regardless of their duties, when an incident of corporal punishment is presented as evidence on an unrelated matter.

In *Barlip v. Pennsylvania Board of Probation and Parole*, 45 Pa. Commonwealth Ct. 458, 405 A.2d 1338 (1979), this court stated that there is a crucial distinction between being deprived of rights enjoyed as a citizen and a limitation upon those rights incident to the granting of parole.

There is no dispute that the petitioner had the right to discipline his stepson with a belt as long as his actions were not harmful or malicious. Similarly, the parole petitioner in *Michael v. Pennsylvania Board of Probation and Parole*, 85 Pa. Commonwealth Ct. 173, 481 A.2d 711 (1984), also had the right to carry a knife with a 3½-inch blade because it did not fall within the Crimes Code description of a weapon. However, for parole purposes, the board determined that the petition-

er's possession of that otherwise legal-sized knife constituted a violation of the general condition of refraining from owning or possessing any weapons. In reviewing that recommitment order, this court deferred to the board's interpretation of the word "weapon" in the absence of a specific code provision definition. As in *Michael,* the board's regulations do not contain a specific definition of the phrase "assaultive behavior."

The board has broad discretion in parole matters. In reviewing the board's actions, this court will not interfere unless the exercise of that discretion is arbitrary or an abuse of discretion. *Marsh v. Pennsylvania Board of Probation and Parole,* 86 Pa. Commonwealth Ct. 482, 485 A.2d 853 (1984).

Moreover, an agency's interpretation of its own regulations will control unless clearly erroneous. *Michael,* at 175, 481 A.2d at 712. Here, the petitioner disciplined his stepson by strapping him with a belt as a means of corporal punishment to the extent that the police, the school and Children and Youth Services were involved. "It is well within the broad discretion of the Board to demand strict compliance with the terms of its conditions, and to punish for any noncompliance, regardless of the reasons therefor." *Marsh* at 485, 485 A.2d at 854. The board's decision that the petitioner's actions violated his parole condition to refrain from assaultive behavior, supported by substantial evidence, is not clearly erroneous.

Accordingly, we will affirm the board's recommitment order.

## ORDER

Now, May 16, 1986, the order of the Pennsylvania Board of Probation and Parole, Parole No. 7337-G, dated September 16, 1985, denying administrative relief to Barron M. Seyler, is affirmed.