104 Pa. Commonwealth Ct. 642 (1987)
523 A.2d 408
D. P., Petitioner
v.
Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.
No. 1000 C.D. 1986.
Commonwealth Court of Pennsylvania.
Submitted on briefs February 27, 1987.
March 18, 1987.
Submitted on briefs February 27, 1987, to Judges COLINS and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.
Sandra F. Zavodnick, for petitioner.
Handsel B. Minyard, City Solicitor, with him, Richard J. Gold, Chief Deputy City Solicitor, and Tania E. Wright, Assistant City Solicitor, for respondent, Philadelphia County Children and Youth Agency.
*643 Mary K. Cole, for respondent, Child Advocacy Unit, Defender Association of Philadelphia.
OPINION BY JUDGE COLINS, March 18, 1987:
D.P. (petitioner) appeals an order by the Department of Public Welfare (DPW) refusing to expunge an "indicated report" of child abuse made pursuant to the Child Protective Services Law (Law), Act of November 26, 1975, P.L. 438, as amended, 11 P.S. §§2201-2224.
This case arises out of an allegation of physical abuse reported to the Philadelphia County Children and Youth Agency following an incident in which petitioner allegedly inflicted severe corporal punishment upon her child. The subsequent investigation revealed evidence of "serious physical injury" and, as a consequence, an indicated report was filed.[1] Petitioner requested DPW to expunge the report. When this request was denied, petitioner was granted a hearing. The hearing officer recommended that the report be expunged. After careful review of the record, however, the Director of the Office of Hearings and Appeals rejected this recommendation and denied petitioner's appeal. A Petition for Reconsideration followed this denial and DPW agreed to reconsider the matter. Petitioner then requested that the case be remanded for an agency decision. At this point, the Executive Deputy Secretary of DPW issued a final order denying petitioner's request and adopting as the rationale for this final order the reasons stated by *644 the Office of Hearings and Appeals in their denial of petitioner's request for expungement. This appeal follows.
This Court has recently determined that the Secretary of DPW or his proper designee is to be considered the ultimate arbiter of fact. G.S. v. Department of Public Welfare, 103 Pa. Commonwealth Ct. 84, 521 A.2d 87 (1987). Therefore, the sole issue to be decided in the instant appeal is whether the Executive Secretary's order denying the expungement of the indicated report is supported by substantial evidence, accords with the law, and does not violate petitioner's constitutional rights. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704. See Estate of McGovern v. State Employees' Retirement Board, 512 Pa. 377, 517 A.2d 523 (1986).
The Office of Hearings and Appeals, whose decision and reasoning were adopted by the Executive Secretary, stated that the indicated report could not be expunged because there was undisputed testimony of record that petitioner had struck her son repeatedly with an electrical cord and that these blows resulted in "serious physical injury" causing her son severe pain. Serious physical injury is defined in the pertinent regulation found at 55 Pa. Code §3490.4 as:
An injury caused by the acts or omissions of a perpetrator which does one of the following:
(i) Causes the child severe pain.
(ii) Significantly impairs the child's physical functioning, either temporarily or permanently.
(iii) Is accompanied by physical evidence of a continued pattern of separate, unexplained injuries to the child.
In the instant case, the record establishes that an investigator interviewed the subject child on the day following the whipping and observed him to be suffering *645 from four or five open lacerations on his body. The child had a two-inch laceration on his back, a one and one-half inch laceration on his side, three open wounds on his leg, and scrapes and scars on his face. The record further establishes that petitioner inflicted these wounds upon her child when beating him with an extension cord as punishment for his poor behavior and failing grades at school. Additionally, the record establishes that the child suffered pain from the time of this beating, which occurred on December 19, 1984, until his resumption of school after Christmas vacation. The injuries were originally reported to the Child Protective Services by the child's elementary school principal.
This record evidence of severe injuries and severe pain is sufficient to establish serious physical injury as that term is defined by the above-quoted regulation.
Petitioner argues that the instant case is similar to Appeal of E.S., 82 Pa. Commonwealth Ct. 168, 474 A.2d 432 (1984), and, as such, the report should be expunged. Appeal of E.S. also focused upon the issue of whether a single incident of corporal punishment rose to the level of serious physical injury. However, the factual matrix of the instant matter is in marked contrast to that in Appeal of E.S., in which this Court concluded that an indicated report was properly expunged wherein the only result of corporal punishment was a "slightly-raised welt in the lower right-hand portion of his [the child's] back. There was no abrasion in the area and no bleeding." Id. at 170, 474 A.2d at 434. Additionally, in the Appeal of E.S., the child in that instance testified that he had not suffered great pain, although medical testimony was presented that such a blow could cause pain.
A further point of contrast between these two cases arises from the fact that, in Appeal of E.S., the disciplining *646 parent had attempted to deliver one blow to the child's buttocks. In the instant case, although petitioner has denied any intent to injure her child, we can reasonably infer an intention to inflict serious injury and severe pain from her actions in repeatedly and wantonly whipping, with an electrical cord, an eleven year old child, clad only in his underwear. See J.H. v. Department of Public Welfare, 73 Pa. Commonwealth Ct. 369, 457 A.2d 1346 (1983).
As this comparison reveals, the facts in the instant case establish that the disciplined child was subjected to a much more serious form of corporal punishment than the child in Appeal of E.S. As a consequence, the injuries received and the accompanying severe pain merit the DPW action in retaining an indicated report of child abuse in the statewide central register.[2]
Accordingly, since we find no lack of substantial evidence, error of law, or violation of constitutional rights, we affirm the final action of DPW.

ORDER
AND NOW, this 18th day of March, 1987, the order of the Department of Public Welfare, dated March 19, 1986, in the above-captioned matter, is hereby affirmed.
NOTES
[1] Section 3 of the Law, 11 P.S. §2203, defines "indicated report" as:

a report made pursuant to this act if an investigation by the child protective service determines that substantial evidence of the alleged abuse exists based on (i) available medical evidence, (ii) the child protective service investigation or (iii) an admission of the acts of abuse by the child's parent or person responsible for the child's welfare.
[2] Such reports shall remain confidential, pursuant to Section 15 of the Law, 11 P.S. §2215, and are made available only to persons therein indicated.