527 A.2d 623

N. B., Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued April 21, 1987, before President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge NARICK, sitting as a panel of three.

*Edward F. V. Pietrowski,* for petitioner.

*Mark L. Newman,* for respondent/intervenor, Monroe County Children and Youth Services.

OPINION BY JUDGE COLINS, June 19, 1987:

N.B. (petitioner) appeals an order of the Department of Public Welfare (DPW) which denied her request to expunge an Indicated Report of Child Abuse which had been filed by the Monroe County Children and Youth Services Department of DPW (CYS) pursuant to the Child Protective Services Law (Law), Act of November 26, 1975, P.L. 438, *as amended,* 11 P.S. §§2201-2224.

The petitioner had been an approved foster mother of an educably retarded child, D.W., whose placement was subject to supervision by CYS. In the incident in question, the petitioner disciplined D.W. for lying about homework assignments by spanking her with a wooden paddle between nine and twelve times. It appears that the spanking resulted in bruises to the child's left buttock which the petitioner first observed later that week, at which time the petitioner told D.W. that she (the petitioner) must have caused the bruising and that she was sorry if she had hit her that hard. Several days later, D.W. ran away from her babysitter and was found by a school's security personnel, who called CYS into the situation. Interviewed that day by CYS, the petitioner indicated that she was aware the child was bruised. Approximately two weeks later, CYS prepared an investigative report which found abuse to be indicated on the basis that the bruising on D.W.'s buttock

reflected an injury causing severe pain. For purposes of the Law, child abuse is defined, *inter alia,* as "serious physical or mental injury which is not explained . . . as being accidental." Section 2203 of the Law, 22 P.S. §2203. The pertinent DPW regulations provide that any injury which causes severe pain is considered to be serious physical injury within the meaning of the Law. 55 Pa. Code §3490.4.

The petitioner contends that substantial evidence does not support the conclusion that she abused D.W. She argues that no evidence was adduced to indicate that D.W. had sustained severe pain critical to DPW's indicated report of child abuse. The petitioner asserts that, when testifying before a DPW hearing officer, D.W. testified that she did not think she had been hurt in any way and, in response to a question, that she could not think of any time she'd been injured badly by the petitioner. It is also argued that the hearing examiner erred in accepting hearsay testimony offered by a CYS caseworker concerning statements purportedly made to her by D.W., which would be the only evidence supporting a finding of severe pain.

Our review of the record reveals substantial evidence to show that the petitioner did use corporal punishment upon D.W. This Court has previously stated, however, that parents may use corporal punishment as discipline "so long as the force used is not designed or known to create a substantial risk of . . . extreme pain." *Appeal of E.S.,* 82 Pa. Commonwealth Ct. 168, 171, 474 A.2d 432, 434 (1984). We must agree with the petitioner, however, that the record does not contain substantial evidence that D.W. suffered severe pain critical to the indicated report of abuse. We note our recent decision in *D.P. v. Department of Public Welfare,* 104 Pa. Commonwealth Ct. 642, 523 A.2d 408 (1987), where we affirmed a DPW decision not to expunge an

indicated report of child abuse. In *D.P.*, the subject child sustained various cuts and injuries attributable to a beating administered with an electrical cord. More pertinent to the instant case, however, is that the record in *D.P.* clearly established that the subject child suffered pain over a two week period.

DPW maintains that the statements of D.W. which, over objection, were related at the hearing by a CYS worker, were admissible on the basis that they concerned D.W.'s state of mind, thus comprising an exception to the hearsay prohibition. Such statements are, of course, admissible in juvenile proceedings, so long as they are used only for such limited purposes. *See In Interest of Leslie H.*, 329 Pa. Superior Ct. 453, 478 A.2d 876 (1984). However, the statement in question was sought to be admitted to prove the ultimate, critical issue in the matter and was consequently inadmissible. Accordingly, a review of the record fails to reveal substantial evidence that D.W. sustained severe or extreme pain as mandated by the Law's provisions.

The instant case is more similar to the situation presented in *Appeal of E.S.*, where a single incident of corporal punishment gave rise to an indicated report which was held to have been properly expunged. There, the subject child, who had received a welt attempting to avoid a single belt-blow, testified that he had not suffered great pain, notwithstanding that medical testimony had been presented that the blow he suffered could cause pain. Here, the child testified that she did not recall being subjected to great pain by the petitioner, and no medical testimony was produced to support such a finding. Moreover, unlike the child in *D.P.*, there is no evidence that D.W. suffered any impairment in the days after she was punished.

We further note that, absent a substantial risk of death, disfigurement, serious bodily injury, gross deg-

radation, extreme pain or mental distress, Pennsylvania accepts corporal punishment as a permissible means of child discipline, provided, of course, that the parent does not act with malicious intent in punishing the child. *See Boland v. Leska,* 308 Pa. Superior Ct. 169, 454 A.2d 75 (1982).

Inasmuch as the record does not contain substantial evidence to support the findings necessary to DPW's adjudiction, we will reverse its order denying expungement and will enter an order directing DPW to expunge the report of indicated abuse concerning the petitioner.

## ORDER

AND NOW, June 19, 1987, the order of the Department of Public Welfare in the above-captioned matter is reversed and the Department is directed to expunge the report of indicated abuse concerning petitioner.