127 Pa. Commonwealth Ct. 580 (1989)
562 A.2d 433
D.N., Petitioner,
v.
COMMONWEALTH of Pennsylvania, DEPARTMENT OF PUBLIC WELFARE, Respondent.
Commonwealth Court of Pennsylvania.
Argued April 6, 1989.
Decided July 26, 1989.
*581 Stephen B. Lipson, Ruby D. Weeks, Carlisle, for petitioner.
John Kane, Chief Counsel, Kathleen A. Harrington, Asst. Counsel, Harrisburg, for respondent.
*582 Before BARRY and PALLADINO, JJ., and NARICK, Senior Judge.

OPINION
BARRY, Judge.
D.N. (petitioner) appeals from an order of the Director of the Office of Hearings and Appeals (OHA) of the Department of Public Welfare (DPW) which denied his request for expungement of a report of "indicated" child abuse which was filed pursuant to the Child Protective Services Law (Law), Act of November 26, 1975, P.L. 438, as amended, 11 P.S. §§ 2201-2224.
On an evening in October of 1986, petitioner was babysitting his girl friend's two minor children, J.A. and A.A. At one point during the course of the evening, he discovered J.A., who was approximately twenty months old at the time, chewing on his mother's razor. He then spanked the child's exposed buttocks two or three times, causing him to cry. As a result of this incident, the child suffered multiple bruises and scratches to his buttocks. He was never taken to a doctor or hospital for treatment of these injuries. His maternal grandmother did, however, have pictures taken of them a week after the incident which she discovered while bathing the child.
In August of 1987, the Cumberland County Children and Youth Services (CCCYS) received a report of suspected child abuse regarding another alleged incident of physical abuse by petitioner of J.A. That incident allegedly occurred on August 15, 1987. While investigating that report, Kathy Jones, a CCCYS caseworker, was provided with information regarding the October, 1986, incident by the child's mother and maternal grandmother. Following the investigation by Ms. Jones, the CCCYS determined that substantial evidence of both the October 1986 incident and the August 1987 incident existed. Consequently, it filed a report of indicated child abuse in the statewide central registry.
*583 Petitioner requested that the report of indicated child abuse be expunged. This request was denied by the Acting Director of DPW's Office of Child Welfare Services. At the request of the petitioner, a hearing was then held before a hearing officer. Following this hearing, the hearing officer recommended that the report be expunged with respect to both the October 1986 and August 1987 incidents. The Director of the OHA, however, adopted the hearing officer's recommendation to expunge the report only with respect to the August 1987 incident. She rejected the recommendation made with respect to the October 1986 incident. This appeal followed.
Our scope of review in this matter is to determine whether the Director of the OHA's order comports with the applicable law, her findings are supported by substantial evidence and whether the petitioner's constitutional rights were violated. Cruz v. Department of Public Welfare, 80 Pa.Cmwlth. 360, 472 A.2d 725 (1984).[1]
Section 3 of the Law, 11 P.S. § 2203 defines "child abuse" as
[S]erious physical or mental injury which is not explained by the available medical history as being accidental, . . . of a child under 18 years of age, if the injury . . . has been caused by the acts or omissions of the child's parents or by a person responsible for the child's welfare, or any individual residing in the same home as the child, or a paramour of the child's parent, . . . .
"Serious physical injury" is defined at 55 Pa.Code, § 3490.4 as:
An injury caused by the acts or omissions of a perpetrator which does one of the following:
(i) Causes the child severe pain.
(ii) Significantly impairs the child's physical functioning, either temporarily or permanently.

*584 (iii) Is accompanied by physical evidence of a continued pattern of separate, unexplained injuries to the child.
The issue presented for our consideration is whether there is substantial competent evidence to support a finding that, as a result of the October 1986 incident, J.A. suffered serious physical injuries or, more specifically, that the injuries he suffered caused him severe pain.[2]
At the hearing on the petitioner's appeal, the CCCYS did not present testimony by either the caseworker who had conducted the investigation,[3] the victim or any medical expert. The petitioner argues that, without the testimony of any of these individuals and because of photographs which, according to him, show that the child suffered only multiple bruises of the buttocks as a result of the October 1986 incident, there is no substantial competent evidence to support a finding that the injuries he inflicted on the child caused him severe pain. It is his contention that this Court's decisions in N.B. v. Department of Public Welfare, 107 Pa.Cmwlth. 26, 527 A.2d 623 (1987), and A.M. v. Department of Public Welfare, 115 Pa.Cmwlth. 327, 540 A.2d 1 (1988), are on point and require reversal of the order of the OHA.
In N.B., an educably retarded child, who had been spanked between nine and twelve times with a wooden paddle by the petitioner and, as a result, suffered bruises on her left buttock which were observed later in the same week, testified that she did not recall being subjected to great pain by the petitioner. Furthermore, no medical testimony was produced to support such a finding. This Court concluded that the record did not contain substantial competent evidence to support the findings necessary to DPW's adjudication and ordered that the indicated report of child abuse be expunged.
*585 A case that was relied upon in reaching the decision in N.B. was Appeal of E.S., 82 Pa.Cmwlth. 168, 474 A.2d 432 (1984). There, a child had been struck several times on the lower back with a belt when he tried to avoid being struck on the buttocks with the belt. As a result of this incident, he suffered a slightly raised welt in the lower right-hand portion of his back. There was, however, no abrasion in the area of the welt and no bleeding. A medical expert testified that a blow such as that received by the child could cause severe pain. The child, however, testified that he did not suffer great pain. This Court found that the latter testimony supported a finding that the child did not suffer severe pain as a result of the injury and affirmed DPW's decision to expunge the report of indicated child abuse that had been filed.
In A.M., a five year old child was found, during an emergency room examination, to have linear welts on the left side of her face and on her arms and trunk, as well as an abrasion on her right side and a hematoma on her left ear. A medical expert opined that the child's injuries would have caused "moderate to severe pain". He could not, however, say with certainty whether the child actually was in pain. Furthermore, the child testified that she had no recollection of the welts or how she got them and could not remember the petitioner hitting her with anything other than her hand. DPW's adjudication contained no finding that the child's injuries caused her severe pain. In reversing DPW's decision to refuse to expunge the report of indicated child abuse that had been filed, this Court held that such a finding was necessary in light of the absence of evidence showing an impairment of physical functioning or physical evidence of a continuous pattern of separate, unexplained injuries. We noted that no individual had given a definite statement that the child was actually in severe pain.[4]
*586 The present case is distinguishable from the above-mentioned cases in that the victim did not testify at the hearing about his injuries. On the other hand, it is similar to the above-mentioned cases in that the CCCYS presented no medical testimony to the effect that the child was actually in severe pain as a result of his injuries. None of the above-mentioned cases, however, stand for the proposition that a finding that a child suffered severe pain as the result of injuries inflicted upon him must be supported either by testimony by the victim, or by unequivocal testimony to that effect. Such a finding can be supported by circumstantial evidence.
In the present matter, photographs depicting bruises and scratches that appeared on the victim's buttocks one week after the October 1986 incident were admitted into evidence. The petitioner admitted that he had inflicted the injuries depicted in these photographs. Based on the nature and extent of the injuries depicted, and on the fact that the victim was approximately twenty months old at the time of the incident, the Director of OHA inferred that the child had, as a result of the October 1986 incident, suffered injuries which caused him severe pain.
In determining whether substantial evidence exists to support a finding of fact this Court is to give to the party in whose favor the appealed decision was rendered  in this case, the CCCYS  the benefit of all inferences that can logically and reasonably be drawn from the evidence. Taylor v. Unemployment Compensation Board of Review, 474 Pa. 351, 378 A.2d 829 (1977). Having examined the photographs in question, it is the conclusion of this Court that one could reasonably infer that a twenty month old child who sustained the depicted injuries was caused severe pain by them. Accordingly, we hold that the finding by the Director of the OHA to that effect was supported by substantial evidence.
Accordingly, the order of the OHA is affirmed.

*587 ORDER
NOW, July 26, 1989, the order of the Director of the Office of Hearings and Appeals for the Department of Public Welfare, entered October 19, 1988, at File No. 21-88-021, is affirmed.
NOTES
[1] Even though the hearing officer conducts the hearing and observes the demeanor of the witnesses, it is the Secretary of DPW or his designee, the OHA, that is the ultimate finder of fact. G.S. v. Department of Public Welfare, 104 Pa.Cmwlth. 84, 521 A.2d 87 (1987).
[2] Evidence is substantial where it so preponderates in favor of a conclusion that it outweighs, in the mind of the factfinder, any inconsistent evidence and reasonable inferences drawn therefrom. G.S.
[3] By the time of the hearing, this individual was no longer employed by DPW.
[4] We also ordered the reversal of DPW's decision because of the absence of substantial competent evidence establishing that the petitioner was the person who had inflicted the injuries of the child.