**CITY OF PHILADELPHIA, OFFICE OF CHILDREN, YOUTH AND FAMILY SERVICES, Petitioner**

v.

**DEPARTMENT OF PUBLIC WELFARE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 11, 2000. Decided Jan. 16, 2001.

Dana C. Heck, Philadelphia, for petitioner.

Kenneth J. Suter, Harrisburg, for respondent.

Before DOYLE, President Judge, LEADBETTER, Judge, and LEDERER, Senior Judge.

DOYLE, President Judge.

Petitioner, the City of Philadelphia, Office of Children, Youth and Family Ser-

vices (Department of Human Services or DHS), petitions for review of the final order of the Secretary of the Department of Public Welfare (DPW) setting aside the order of the Bureau of Hearings and Appeals (BHA) which upheld a hearing officer's adjudication recommending denial of K.F.'s request to have an indicated report of child abuse expunged. We affirm.

The hearing officer, in reaching his conclusion to deny expungement, made reference to the following facts: Philadelphia County Child Protective Services received a ChildLine [1] report alleging that the child, W.F., Jr. (DOB 4/01/85), on August 23, 1995, was beaten by his mother with a "pool stick," breaking the stick while hitting W.F., Jr. W.F., Jr. had bruises and welts on his right forearm and on the right side of his back. The police went to the scene and determined that there was no need to remove the child from the home. DHS assigned a social worker to the case. The social worker visited W.F., Jr.'s home the day following the incident to investigate the matter and spoke with K.F., W.F., Jr., and the child's two siblings. K.F. admitted to the social worker that she hit W.F., Jr. with a pool stick. The pool stick was not for a regulation size pool table; it was approximately one inch thick and four feet long. K.F. hit W.F., Jr. with the pool stick approximately four or five times, breaking the stick on W.F., Jr.'s buttocks. W.F., Jr. showed the social worker the injuries on his back and welt marks on his arm which were inflicted when K.F. attempted to hit W.F., Jr.'s buttocks and W.F., Jr. tried to shield himself with his arms. Photographs, which the social worker took of W.F., Jr., show welts and a few bruises on the back and

arm. These areas were still sore the day after the incident. After speaking with W.F., Jr.'s siblings, the social worker found that the type of punishment W.F., Jr. received was not the usual means of punishment administered by his parents. W.F., Jr. did not feel that he needed any medical attention and was not afraid to stay in the home. The social worker told K.F. that the report would be an "indicated" report [2] but that W.F., Jr. was not abused. K.F. applied to have the indicated child abuse report expunged but a hearing officer recommended that the application be denied.

The hearing officer noted that, while the incident may have been an isolated one in an otherwise caring and concerned family, the testimony showed that, despite what gave origin to the incident, K.F. used a pool stick to hit her child four or five times. Based upon the statements made to the social worker by W.F., Jr. that his arm and back hurt the day following the incident, together with the description of the instrument used and the photographs of W.F., Jr., the hearing officer concluded that W.F., Jr. suffered severe pain as a result of K.F.'s actions. The BHA adopted the hearing officer's recommendation. In a final order on the merits, the Secretary of DPW, having granted K.F.'s application for reconsideration of the BHA decision, sustained K.F.'s appeal, concluding as follows:

The record does not indicate a medical evaluation, nor does the record show that the social worker had medical training of any type. The record shows that W.F., Jr., described the injuries as "sore" the day following the incident,

1. ChildLine is an organizational unit of DPW which operates a statewide toll-free system for receiving reports of suspected child abuse.

2. Pursuant to Section 6303 of the Child Protective Services Law (Law), 23 Pa.C.S. § 6303, an "indicated report" of child abuse is:

    [a] child abuse report made pursuant to this chapter if an investigation by the county

agency or the Department of Public Welfare determines that substantial evidence of the alleged abuse exists based on any of the following:

    (1) Available medical evidence.

    (2) The child protective service investigation.

    (3) An admission of the acts of abuse by the perpetrator.

which does not equate to severe pain as required by 55 Pa.Code § 3490.4(i).

DHS brings the instant Petition for Review.

█ Appellate review in this matter is limited to determining whether constitutional rights were violated, whether errors of law were committed or whether necessary findings of fact are supported by substantial evidence. *E.D. v. Department of Public Welfare*, 719 A.2d 384 (Pa.Cmwlth. 1998).

█ Parents are not prohibited from using corporal punishment to discipline their children. *Boland v. Leska*, 308 Pa.Super. 169, 454 A.2d 75 (1982). However, corporal punishment may not be used if it is designed or known to create a substantial risk of death, serious bodily injury, disfigurement, extreme pain or mental distress or gross degradation. *Id.* The current statutory guidelines, which are contained in the Child Protective Services Law, 23 Pa.C.S. §§ 6301–6385, set forth many of the same prohibitions against excessive punishment as does *Boland.* Specifically, in Section 6303(b)(8) of the Law, the term "child abuse" includes: "Any recent act or failure to act by a perpetrator which causes nonaccidental serious physical injury to a child under 18 years of age." 23 Pa.C.S. § 6303(b)(i). Section 6303(a) also defines the term "serious physical injury" as any injury that:

(1) causes a child severe pain; or

(2) significantly impairs a child's physical functioning, either temporarily or permanently.

23 Pa.C.S. § 6303(a). DHS bears the burden of establishing by substantial evidence that the report of child abuse is accurate, Section 6341 of the Law, 23 Pa.C.S. § 6341, but the Secretary of DPW is the ultimate fact finder who determines whether an indicated report of child abuse should be expunged. *G.S. v. Department of Public Welfare*, 104 Pa.Cmwlth. 84, 521 A.2d 87 (1987).

In the present case, DHS does not allege that W.F., Jr. suffered temporary or permanent significant impairment in his physical functioning. It alleges, however, that K.F.'s admission that she struck W.F., Jr. with a wooden pool cue, W.F., Jr.'s testimony that he felt pain the next day, and photographs taken of W.F., Jr. depicting the injuries are substantial evidence proving that W.F., Jr. suffered "severe pain."

DPW asserts, to the contrary, that DHS did not meet its burden of showing by substantial evidence that W.F., Jr. suffered severe pain. It contends that the isolated incident of corporal punishment, which was intended to be administered to the child's buttocks, did not cause severe pain to the child. Further, it asserts that the record contains no evidence either by testimony of medical personnel or anyone else that the child suffered severe pain.

We have held that the facts surrounding an alleged incident of child abuse must be viewed on a case by case basis. *See D.N. v. Department of Public Welfare*, 127 Pa. Cmwlth. 580, 562 A.2d 433 (1989) (photographs depicting injuries alone may provide substantial evidence to support a finding that the child suffered severe pain). In *Appeal of E.S.*, 82 Pa.Cmwlth. 168, 474 A.2d 432 (1984), the father of a child attempted to strike the child on the buttocks with a belt and, instead, hit the child on the lower back when the child moved to avoid the belt blow. The child had a welt on the back, but did not have bleeding or abrasions. In that case, we noted that there was no evidence of a pattern of abuse or unexplained injuries to the child. There, we concluded that the child did not experience severe pain. In *N.B. v. Department of Public Welfare*, 107 Pa. Cmwlth. 26, 527 A.2d 623 (1987), we determined that a child did not suffer from severe pain when the child was hit with a wooden paddle between nine and twelve times, and had bruises to the buttocks that were visible later in the week of the disci-

pline. The child there testified that she did not recall suffering from great pain.

In *L.A.J. v. Department of Public Welfare*, 726 A.2d 1133 (Pa.Cmwlth.1999), we addressed the issue of whether injuries sustained on a child's buttocks and upper leg, when a mother struck her child with a belt, caused severe pain to the child. In that case, the welts disappeared and the child did not experience pain the evening that the mother administered the punishment; no medical treatment was warranted; and, the child's functioning was not impaired. There, we determined that the child did not experience severe pain. We stated in that case:

> [W]e do not wish to minimize child abuse, its impact on children, or the fact that, in this case, the child did experience some discomfort and pain. At the core of even accepted degrees of corporal punishment, for better or worse, is some degree of pain. By its very nature, pain is a subjective feeling, and what is painful to one child may not bother another. Therefore, today's decision should not be construed as establishing a bright-line test for what does or does not constitute severe pain. Although there are clearly some degrees of pain and punishment that no child, young or old, should be required to endure, there are also other punishments on which reasonable minds may differ as to the proportionality or as to the severity of the pain inflicted. Accordingly, the Court, as it has done in the past, must examine the issue on a case-by-case basis.

*Id.* at 1136–1137.

■ The case at hand involves a single incident of corporal punishment in which a parent intended to strike the child on the buttocks but struck the child's back and arm when the child tried to protect his buttocks from being hit. The social worker testified that the photographs taken the day following the incident showed "faint bruising" and "some discoloration." (Reproduced Record (R.R.), p. 31.) The social worker testified that the child was "sore" the day following the incident. (R.R., p. 34.) Based upon all of the facts presented in this case, we do not believe that this Court may overturn the Secretary's judgment that DHS has not carried its burden of demonstrating that W.F., Jr. experienced severe pain.

The order of the Secretary of DPW is affirmed.

### *ORDER*

**NOW,** January 16, 2001, the Order of the Secretary of the Department of Public Welfare in the above-captioned matter is hereby affirmed.

The decision in this case was reached before the expiration of the appointment of Senior Judge LEDERER to the Commonwealth Court by the Supreme Court of Pennsylvania.