Banks *v.* Board of Probation and Parole, et al.

Argued October 4, 1971, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MANDERINO, MENCER and ROGERS.

*David C. Harrison,* for plaintiff.

*Salvatore Cucinotta,* with him *Leonard Packel,* Deputy Attorney General, and *J. Shane Creamer,* Attorney General, for defendants.

OPINION BY JUDGE KRAMER, December 28, 1971:

This case is within the original jurisdiction of this Court and was instituted by the filing of a Complaint in Mandamus by Ellis Banks (Banks) against the Pennsylvania Board of Probation and Parole (Board) and Robert L. Johnson, Superintendent of the State Correctional Institution at Graterford, Pennsylvania.

Banks seeks an order of this Court to require the defendants to release him on parole based upon his allegations that the Board has not properly evaluated his case in determining whether or not he should be granted a parole. In addition, Banks argues that denial of parole by the Board constitutes double jeopardy and thus is in violation of constitutional strictures.

This matter had its beginning on December 31, 1964, with the commission of a murder in the City of Philadelphia. Banks was arrested in connection with this homicide on January 4, 1965, and after a full trial and appeal (in which Banks was granted a new trial), at a second trial, he plead guilty to second degree murder and was given by the trial judge, a sentence of from five to twenty years in a State penal institution. This plea and sentencing occurred more than three and one-half years after Banks' incarceration in connection with the homicide. Banks alleges that his plea of guilty to the crime of murder in the second degree was based upon an understanding that the trial judge would recommend early parole.* The trial judge did write a letter

---

* A judge's recommendation is "advisory only." See Act of August 6, 1941, P. L. 861, §18, 61 P.S. 331.18.

to the Board recommending Banks for a parole after his minimum sentence "provided that he behaved himself well while in confinement." Banks also alleges that his part in the homicide was that of a "lookout" rather than an actual participant in the act of killing the victim. The Commonwealth does not deny the fact that Banks stayed with the victim of the homicide at the scene, to administer to him, before the arrival of the ambulance and that the police found Banks in this position. Banks offers these circumstances surrounding the homicide as part of the basis upon which he should be given a parole after his serving the minimum five-year term.

Taking into consideration the time spent in prison, from January 4, 1965, Banks became eligible for a parole on January 4, 1970. On or about November 26, 1969, after considering Banks' application for parole, the Board refused to grant parole to Banks. On March 12, 1971, the Board again refused to grant parole. On April 28, 1971, Banks filed the complaint in the instant case. The Commonwealth has filed preliminary objections to the complaint on the ground that the complaint "fails to state a claim upon which relief can be granted."

In a case quite similar to the facts of this case, *Commonwealth ex rel. Lundry v. Cavell, Warden et al.,* 70 Dauph. 172, 173 (1957), the court refused to issue a writ of mandamus directing the Board of Parole and the Warden of the prison to release the petitioner on parole. There the court said: "In Tanenbaum v. D'Ascenzo et al., 356 Pa. 260, 262 (1947), it is said that mandamus is extraordinary in character and is a high prerogative writ used rather as a last resort than as a common mode of redress. It lies only where the duty is ministerial and does not involve the exercise of discretion or judgment. In matters involving official discretion mandamus may be resorted to for the purpose of

compelling the exercise thereof, but not to interfere with the manner in which the discretion shall be exercised. It will lie for abuse of discretion only where the exercise is so arbitrary that there has been in fact no actual exercise of discretion." In a later case before the same court, *Commonwealth ex rel. Ecker v. Pennsylvania Board of Parole,* 75 Dauph. 156, 157 (1960), the court cited the following excerpt from *Lundry, supra*: "A writ of mandamus will not issue to the Pennsylvania Board of Parole directing that a parole be granted to a penitentiary prisoner where the petition fails to show that the Board has disregarded the law, or has failed to exercise its discretion. . . ."

The Pennsylvania Supreme Court, in *Commonwealth ex rel. Sparks v. Russell,* 403 Pa. 320, 323, 169 A. 2d 884, 885 (1961), cited *Commonwealth ex rel. Nornhold v. Day,* 67 Dauphin 1, (1954): "The parole of a prisoner at the expiration of his minimum term is not a matter of right, it is a matter of grace and mercy and the granting, reinstatement and revocation of parole is within the exclusive jurisdiction of the Parole Board. . . ." It seems clear, then, that this Court may not interfere with the discretion of the Board in granting parole unless the Board (1) fails to exercise any discretion or (2) arbitrarily and capriciously abuses its discretion or (3) violates a prisoner's constitutional rights. Granted, as defendants argue, that parole is a matter of grace, and not right, once the Legislature establishes a principle that a prisoner has a right to apply for a parole, then the prisoner is entitled to have his application properly and fairly processed after which, if refused, he is entitled to a written explanation from the Board for its refusal to grant his application. The statute sets forth those matters which the Board should consider in granting or refusing paroles. (See Act of August 6, 1941, P. L. 861, as amended, 61 P.S. 331.19.)

So long as the Board receives the application for parole, reviews it in the light of all of the pertinent records and history relating to the prisoner, and gives a reasonable explanation for its refusal, the Board has met its responsibilities.

If the prisoner believes that the Board has violated his constitutional rights and is being held improperly in prison, he has a right to file for a writ of habeas corpus before a proper court. This Court does not have such jurisdiction. We may only determine whether state officials have performed properly their statutory and constitutional responsibilities.

In this case, the Board received the application, re viewed the prisoner's records, and explained in writing the reasons for its refusal. Whether or not this Court agrees with the wisdom of the reasons given by the Board in its letter of parole refusal is of no import.

We must next touch upon the argument of Banks that the refusal of parole constitutes double jeopardy. This allegation has been ruled upon by the Pennsylvania Superior Court in the case of *Commonwealth ex rel. Scheid v. Day*, 181 Pa. Superior Ct. 39, 121 A. 2d 898 (1956), where the court found that there was no merit to such double jeopardy argument. In *Commonwealth ex rel. Carmelo v. Smith*, 347 Pa. 495, 496, 32 A. 2d 913, 914 (1943) our Supreme Court said: "A 'sentence for an indefinite term must be deemed a sentence for the maximum term described by law as a punishment for the offense committed': Commonwealth v. Kalck, 239 Pa. 533, 541, 87 A. 61. In that case, we quote from President Judge SULZBERGER in Commonwealth ex rel. Bates v. McKenty as follows: 'Assuming as we do, for the purpose of interpreting the statute, that it is constitutional, it necessarily follows that the maximum sentence is the only portion of the sentence which has legal validity, and that the minimum sentence is merely an administrative notice by the court to the

executive department, calling attention to the legislative policy that when a man's so-called minimum sentence is about to expire, the question of grace and mercy ought to be considered and the propriety of granting a qualified pardon be determined.' " We likewise hold that there is no merit to the argument on double jeopardy.

In light of the above analysis, we

### ORDER

AND NOW, this 28th day of December, 1971, it is hereby ruled that the preliminary objections of the defendants are sustained and the Complaint in Mandamus of the plaintiff is hereby dismissed.

Judge MANDERINO dissents from this opinion.