Robert Barlip, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs, June 8, 1979, to President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers, Blatt, DiSalle, Craig and MacPhail.

*Thomas A. Wallitsch*, Public Defender, and *James T. Huber*, Assistant Public Defender, for petitioner.

*Robert A. Greevy*, Assistant Attorney General, and *Edward G. Biester, Jr.*, Attorney General, for respondent.

Opinion by President Judge Bowman, September 6, 1979:

By a petition for review in the nature of a complaint in mandamus against the Pennsylvania Board of Probation and Parole (Board) petitioner would have this Court strike down a special condition of his parole which prohibits him from contacting a social agency concerning his children without prior permission of his parole agent. He asserts that imposition by the Board of this special condition of parole is beyond

its statutory authority and unconstitutionally impairs his right of free speech and association.

After the pleadings were closed the Board moved for summary judgment, Pa. R.C.P. No. 1035, with supporting affidavits, one by a Board member who interviewed petitioner with respect to his parole application, considered his case file and recommended that this special condition, among others, be imposed.

There are no material facts in dispute. On May 23, 1977, petitioner was sentenced to a term of six months to two and one-half years for the offense of terroristic threats and recklessly endangering another person; effective date September 28, 1977; minimum expiration date March 28, 1978; maximum expiration date March 28, 1980. Several months later on July 25, 1977, petitioner was sentenced to a term of four to twelve months for driving under the influence of alcoholic beverages to be served concurrently with the former sentence.

Petitioner was paroled May 28, 1978, subject to the contested special condition and others including a prohibition against the use of intoxicants. Thereafter, he petitioned the Board to delete this special condition, which it refused to do. Hence this suit.

The record consists of the pleadings, the Board's motion for summary judgment and supporting affidavits. Wanting is any averment that petitioner ever sought permission of his parole agent to contact the social service agency in question or that if permission was sought it would be perfunctorily refused. The record does disclose that incident to considering petitioner's parole application his case file revealed a prior history of disruptive and disturbing behavior on petitioner's part when in contact with a number of public offices and agencies concerning his children. This history considered in conjunction with the offenses for which petitioner was convicted persuaded the Board,

on the recommendation of the interviewing Board member, to impose the special condition. Given his "propensity toward violent overt behavior and the possibility of confrontation with the personnel of the [agency], it became apparent that [petitioner] would have to be restricted in his methods and frequency in contacting said agency, although not completely eliminated."[1]

A state may establish a parole system but has no duty to do so, and to insure that a state-created parole system serves the public interest purposes of rehabilitation and deterrence it may be specific or general in defining the conditions for release that should be considered by the parole authority. *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex,* U.S. , 99 S.Ct. 2100 (1979).

Pennsylvania has chosen to afford broad discretionary power and authority in the Board with respect to the grant of parole, the conduct and supervision of paroled prisoners and specifically recognizes the need in some cases for special conditions of parole which may be imposed as it "deems necessary to effectuate the purpose of parole. . . ." Section 23, Act of August 6, 1941, P.L. 861, *as amended,* 61 P.S. §331.23; *see also* 37 Pa. Code §63.5.

The broad power and authority afforded the Board is in recognition that the decision-making process in the granting of a parole is a highly individualized one involving a synthesis of known facts, and personal observations combined with experience leading to a judgment decision as to what is best for the prospective parolee and society at large. In any effort to meet these objectives, the process necessarily impinges in some degree upon the individual parolee's rights and

---

[1] Affidavit of the interviewing Board member.

liberties as otherwise enjoyed by those who have not run afoul of the criminal law.

Petitioner's contention that the Board lacks authority to impose the contested special condition for want of statutory support because it is not "related" to the offense for which he was convicted is without merit. The cited statutory provision is clear authority for the imposition of the special condition and the granted broad discretion to do "as it deems necessary" negates any requirement of a direct relationship of a special condition to a prospective parolee's criminal offense or offenses.

Even if one assumes some relationship must be found between a special condition and the prospective parolee's criminal offense or offenses, we would not hesitate to find such a nexus here. Faced with petitioner's case file history of prior confrontations considered in light of his criminal record, the Board logically and properly concluded that unsupervised contacts by petitioner with the social agency posed a high risk of danger to both the agency personnel and to petitioner to the detriment of both and possible frustration of petitioner's rehabilitation parole plan. *See, e.g., In Re Mannino,* 14 Cal. App. 3d 953, 92 Cal. Rptr. 880 (1971) (condition prohibiting speaking at and participating in public demonstrations upheld because probationer's offense had occurred at such event).

Lastly, petitioner claims his constitutional rights of free speech and association are unlawfully abridged by this special condition of parole. We disagree.

As a prisoner, petitioner enjoys no constitutional or inherent right to be conditionally released before the expiration of a valid sentence. "[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty. . . ." *Meachum v. Fano,* 427 U.S. 215, 224 (1977). A liberty interest in

parole arises only after such a parole is granted under a state system of parole and subject to conditions imposed, and such a liberty interest does not enjoy the full panoply of constitutional rights otherwise enjoyed by those who had not run afoul of the law. *See Morrissey v. Brewer,* 408 U.S. 471 (1972). Here petitioner applied for parole under the Pennsylvania parole system authorizing special conditions of parole, accepted all conditions of parole and assumed as a parolee a liberty interest status, but this does not include, because of the special condition imposed, a restoration of an absolute right of free speech and association, the limitation thereof being recognized and accepted by him in assuming a parole status. There is a crucial distinction between being deprived of a liberty or constitutional right one enjoys as a citizen and a limitation upon one's liberty or constitutional rights incident to the granting of parole. *See Porth v. Templar,* 453 F.2d 330, 334 (10th Cir. 1971). If a prisoner released on parole had thereby restored to him all constitutional rights and liberties enjoyed by citizens generally, the concept and purpose of parole would be seriously wounded if not destroyed to the detriment of those prisoners who achieve parole status and are rehabilitated thereby.

The only case cited by petitioner on this issue, *Hyland v. Procunier,* 311 F. Supp. 749 (N.D. Cal. 1970), is not persuasive and is distinguishable on its facts.

ORDER

Now, September 6, 1979, respondent's motion for summary judgment is granted.