Billy Bradshaw, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs March 22, 1983, to Judges
BLATT, WILLIAMS, JR. and DOYLE, sitting as a panel of
three.

*Timothy P. Wile,* Assistant Public Defender, for
petitioner.

*Robert A. Greevy,* Chief Counsel, with him *Arthur
R. Thomas,* Assistant Chief Counsel, *Jay C. Waldman,*
General Counsel, and *LeRoy S. Zimmerman,* Attorney
General, for respondent.

OPINION BY JUDGE DOYLE, June 16, 1983:

This is an appeal by Billy Bradshaw (Petitioner)
from a denial, by the Pennsylvania Board of Proba-
tion and Parole (Board), of a request to be inter-
viewed for parole consideration. We affirm the action
of the Board.

While on parole from a state correctional institu-
tion on a sentence of one to three years, Petitioner was
arrested and convicted on new criminal charges for
which he received a new sentence of six months to two
years to be served in a state correctional institution.
Petitioner received credit of one year, one month and

twenty-eight days on the new sentence for time incarcerated between his arrest and conviction on the new charges. Following this sentencing on the new conviction, the Board held a violation and revocation hearing and, by decision rendered March 24, 1981, ordered Petitioner recommitted as a technical parole violator to serve twelve months backtime and as a convicted parole violator to serve six months backtime for a total of eighteen months. On April 20, 1981, Petitioner filed a Request for Administrative Relief under 37 Pa. Code §71.5(h) requesting to be interviewed for parole on the new sentence. On April 30, 1981, the Board denied the request.

Petitioner argues that because of the thirteen month, twenty-eight day credit applied against the new sentence, he has served the minimum term under that sentence and is eligible to be interviewed for parole. The Board reasoned that since Petitioner is currently serving the backtime, with the new sentence listed as a detainer, he is not eligible to be interviewed for parole consideration until the backtime is served and he begins serving the new sentence.

There is no question that once Petitioner has served the backtime ordered for violation of his parole, he will be immediately eligible for parole on the second sentence because of the sufficient pretrial custody credit that will be applied. Our research discloses no statutory or judicial authority, however, which would require the Board to grant the prospective consideration for parole Petitioner here has requested.

The legislature has granted the Board broad discretion in parole matters. *Commonwealth v. Vladyka,* 425 Pa. 603, 229 A.2d 920 (1967); *Barlip v. Pennsylvania Board of Probation and Parole,* 45 Pa. Commonwealth Ct. 458, 405 A.2d 1338 (1979). We will not interfere with the exercise of that discretion absent a

violation of constitutional rights, a complete failure to act to exercise the discretion, or an arbitrary and capricious abuse of discretion. *Banks v. Board of Probation and Parole,* 4 Pa. Commonwealth Ct. 197 (1971).

In the case *sub judice,* Petitioner requested consideration for parole on the second sentence just seventeen days after he began serving the eighteen months ordered backtime. Clearly, the Board could have made no objective evaluation of Petitioner's suitability for parole at that time, eighteen months in advance of his eligibility. While we do not accept the Board's argument that it could not consider Petitioner's request until he had completed serving the backtime and had begun serving the remainder of the second sentence,[1] we find no abuse of discretion in the refusal to consider the request prematurely submitted here.

Petitioner's argument that the action of the Board denied him "constructive parole" on the new sentence while he was serving the backtime is wholly without merit. The notion that Petitioner could be considered at liberty on parole from the second sentence while recommitted and serving backtime for violation of the first parole is absurd. Parole is a matter of grace and mercy[2] shown to a convict who has demonstrated his ability to function as a law abiding member of so-

---

[1] There appears to be no bar to consideration of an application prior to the date an inmate becomes eligible for parole. *See Banks* (eligible for parole on January 4, 1970, application for parole considered November 26, 1969). When, as here, the Petitioner is within the Board's jurisdiction, and the Board has the authority and discretion to reparole the Petitioner from the ordered backtime, *see* Section 21a of the Act of August 6, 1941, P.L. 861, *as amended,* added by Section 5 of the Act of August 24, 1951, P.L. 1401, 61 P.S. §331.21a (a), we see no reason that the Board could not consider an application for parole as Petitioner's eligibility date became imminent.

[2] *Banks.*

ciety.[3] A parolee is recommitted when he demonstrates his inability to so function, by the commission of a crime while on parole. The Board could not, without violating logic and common sense, determine that Petitioner is simultaneously able and unable to function as a law abiding member of society.

**ORDER**

Now, June 16, 1983, the action of the Pennsylvania Board of Probation and Parole in the above referenced matter, dated April 30, 1981, is hereby affirmed.

---

[3] *Commonwealth ex rel. Forsythe v. Myers*, 200 Pa. Superior Ct. 636, 189 A.2d 920 (1963).