Robert B. Michael, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs to President Judge CRUMLISH, JR. and Judges COLINS and BLATT, sitting as a panel of three.

*Timothy P. Wile*, Assistant Public Defender, for Petitioner.

*Arthur R. Thomas*, Assistant Chief Counsel, with him, *Robert A. Greevy*, Chief Counsel, *Jay C. Waldman*, General Counsel, *LeRoy S. Zimmerman*, Attorney General, for respondent.

OPINION BY JUDGE COLINS, September 19, 1984:

Petitioner, while on parole, was arrested and subsequently convicted for leaving the scene of an accident. At the time of his arrest, petitioner had in his possession a folding knife, with a 3-1/2″ blade. The knife was in a folded state and secured in a sheath attached to petitioner's belt. The knife in question was not concealed but rather was carried in plain view.

Subsequently, petitioner received six months backtime for the misdemeanor conviction and an additional nine months backtime for violation of general parole condition 5B, which requires that a parolee "refrain from owning or possessing any firearms or other weapons."

The instant Petition for Review and subsequent Motion for Summary Relief involve only the violation concerning the carrying of the folding knife. The petitioner argues that the folding knife is not a weapon, per se, since it also has a utilitarian purpose in addition to its use as a potential weapon.

The authority for condition 5B is found in 37 Pa. Code §63.4(5)(ii). The Code does not define what constitutes a "weapon", nor are any other administrative regulations proffered by the Board that offer a definition of "weapon".

It is clear that under the Crimes Code the possession of such a knife would not in and of itself fall within the definition of "weapon" contained in 18 Pa. C. S. §907(c), *Commonwealth v. Moore,* 259 Pa. Superior Ct. 560, 393 A.2d 967 (1978). However, it is also equally clear that the provisions of the Crimes Code and Rules of Criminal Procedure are not directly applicable to recommitment actions of the Board. *Miller v. Pennsylvania Board of Probation and Parole,* 78 Pa. Commonwealth Ct. 26, 466 A.2d 1110 (1983).

The general definition of weapon is "an instrument of offensive or defensive combat: something to fight with." Webster's Third New International Dictionary 2589 (1976). In the absence of a specific definition for the word "weapon" as found in 37 Pa. Code §63.4(5)(ii), the Board was not wrong in ruling that the knife in question was a weapon for parole violation purposes. Furthermore, an agency's interpretation of its own regulations, unless clearly erroneous, will normally control. *See Barr v. Department of Public Welfare,* 62 Pa. Commonwealth Ct. 211, 435 A.2d 678 (1981). We are satisfied that the Board's interpretation is not clearly erroneous.

Accordingly, we affirm.

ORDER

AND Now, September 19, 1984, the order of the Pennsylvania Board of Probation and Parole dated December 13, 1983 is hereby affirmed, and furthermore, Petitioner's Motion for Summary Relief is denied.