514 A.2d 265

Arthur Keastead, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs May 7, 1986, to Judges Craig and Palladino, and Senior Judge Barbieri, sitting as a panel of three.

*Steven B. Molder,* for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY JUDGE PALLADINO, August 21, 1986:

This is an appeal by Arthur Keastead (Petitioner) from a denial of his request for Administrative Relief by the Board of Probation and Parole (Board). We affirm.

Petitioner was paroled on November 23, 1983 from a sentence of one and one-half to three years (minimum date of October 4, 1984 and a maximum date of April 4, 1986). On March 18, 1985 while in Petitioner's apartment, his parole officer observed nunchakus in the pocket of Petitioner's jacket.[1] As a result Petitioner was charged with a violation of parole condition 5(b), which required that Petitioner refrain from owning or possessing any firearms or other weapons. *See* 37 Pa. Code §63.4(5)(ii). Thereafter, on April 19, 1985, Petitioner was notified by his parole officer to report on April 24, 1985 at 3:00 p.m. to a specified neighborhood center in Easton, Pennsylvania. Petitioner was again reminded (by his officer, in person) on April 24, 1985 that they were to meet at the center, that same day. Petitioner failed to report as instructed, thus violating condition 3(a) of his parole which required Petitioner to maintain regular contact with the parole supervision staff by: reporting regularly as instructed. *See* 37 Pa. Code §63.4(3)(i).

Pursuant to a parole revocation hearing held on July 17, 1985 at the Northampton County Prison, Petitioner

---

[1] The nunchaku is an instrument of southeast Asian origin generally used in the martial arts. It consists of two hardwood sticks hinged end to end by a length of rawhide, cord, or chain, so as to allow freedom to swivel. An individual by holding one of the sticks can swing or twirl the other.

was recommitted as a technical parole violator to serve an unexpired term of ten months and twenty-eight days. This is an appeal by Petitioner following a denial of administrative relief from the Board.

The Board has been granted great discretion by the legislature in matters concerning parole. *Barlip v. Pennsylvania Board of Probation and Parole*, 45 Pa. Commonwealth Ct. 458, 405 A.2d 1338 (1979). Absent a violation of constitutional rights or a showing of arbitrary and capricious disregard for the fact-finding process, this Court will not interfere with the Board's determination. *Bradshaw v. Pennsylvania Board of Probation and Parole*, 75 Pa. Commonwealth Ct. 90, 461 A.2d 342 (1983).

Petitioner first alleges that because he knew that the purpose for meeting with his officer on April 24, 1985 was to detain and rearrest him, he had a right to disobey the instructions of his parole officer in order to speak with his lawyer. We disagree.

An inmate does not have a right to parole. He has "no constitutional right to be released prior to the expiration of a valid sentence". *Barlip v. Pennsylvania Board of Probation and Parole*, 45 Pa. Commonwealth Ct. 458, 462, 405 A.2d 1338, 1340 (1979). Rather parole is a matter of grace and mercy shown by the Commonwealth to a convict who has demonstrated his ability to function as a law abiding member of society. *Bradshaw v. Pennsylvania Board of Probation and Parole*, 75 Pa. Commonwealth Ct. 90, 461 A.2d 342 (1983). Furthermore, it is consistent with the purpose of a parole program to limit the liberties of a convicted criminal who is permitted to enter society prior to the normal expiration of his sentence.

As a condition of parole, he was required to report to his parole officer at the officer's request. Petitioner claims that, on this occasion, he had a right to see an

attorney rather than meet with his officer because the purpose of the meeting was to detain and rearrest him. It is well-settled that the assistance of counsel is "required at every stage of a criminal proceeding where substantial rights of a criminal accused may be affected." *Mempa v. Rhay*, 389 U.S. 128 (1967), as cited in *Commonwealth ex rel. Rambeau v. Rundle*, 455 Pa. 8, 314 A.2d 842 (1973). However, it is at a parole revocation hearing where the parolee first stands to lose his liberty and faces the possibility of going back to prison. *Commonwealth v. Tinson*, 433 Pa. 328, 249 A.2d 549 (1969). It is for this reason, that a parolee's right to an attorney first attaches at a parole revocation hearing. Petitioner, unlike the parolee who is before the Board at a parole revocation hearing, did not stand to lose his liberty as a parolee simply because he was instructed to meet with his parole officer. As such, he did not have a right to see his attorney rather than meet with his parole officer, as instructed.

The Board found that Petitioner neither reported nor called to explain why he did not meet with his officer. As such we hold that the Board's conclusion, that Petitioner violated condition 3(a) of his parole, is supported by substantial evidence in the record.

Next, Petitioner contends that he did not violate condition 5(b) of his parole by possessing nunchakus. Arguing he is a student of the martial arts, Petitioner contends the nunchakus are an instrument of the sport, and therefore, they are not to be considered a weapon. Petitioner cites *Commonwealth v. Adams*, 245 Pa. Super. 431, 369 A.2d 479 (1976) in support of his argument. We find Petitioner's argument to be without merit.

The Court in *Adams* held that while the nunchakus found on defendant's possession could be used offensively as a weapon, because the defendant was a student

of martial arts, and he used the nunchakus in that capacity only, his possession did not violate the Pennsylvania Criminal Statute, 18 Pa. C.S.A. §907, 908, 908(b) which prohibits the use or possession of offensive weapons.

Petitioner claims that he too is a student of karate[2], and that therefore, according to *Adams,* his possession of the nunchakus should not constitute possession of a weapon. However, the Court in *Adams* was defining the word weapon as it is used in a criminal statute not as the word is used in a condition of parole. While the Code does not actually define what constitutes a weapon, *Michael v. Pennsylvania Board of Probation and Parole,* 85 Pa. Commonwealth Ct. 173, 481 A.2d 711 (1984), it is clear that the provisions of the crimes code and rules of criminal procedure are not directly applicable to recommitment actions of the Board. *Miller v. Pennsylvania Board of Probation and Parole,* 78 Pa. Commonwealth Ct. 26, 466 A.2d 1110 (1983).

This Court in *Michael,* found that although a pocket knife with a 3-1/2 inch blade may not constitute a weapon under the Crimes Code, the Board was not wrong in ruling that the knife was a weapon for parole violation purposes. In so doing, we defined weapon, generally, "as an instrument of offensive or defensive combat: something to fight with." *Id.* at 175, 481 A.2d at 712. In the absence of a specific definition, and in light of *Michael,* we concluded that the Board was not wrong in ruling nunchakus to be a weapon for purposes of parole violation.

Accordingly, we affirm the Board's decision.

---

[2] While Petitioner contends that he is a student of karate, the Board concluded, after a review of all the evidence, that he was not. As such, *Adams* is inapposite to the case at bar.

ORDER

AND NOW, August 21, 1986, the order of the Board of Probation and Parole, at No. 0985K, dated October 28, 1985, is affirmed.