526 A.2d 460

Ronald Macik, Petitioner v. Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs March 19, 1987, to President Judge CRUMLISH, JR., Judge DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*John H. Corbett, Jr.,* Chief-Appellate Division, with him, *Lester G. Nauhaus,* Public Defender, and *Melaine S. Rothey,* Appellate Counsel, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, May 28, 1987:

Ronald Macik (Petitioner) has petitioned for review of an order of the Pennsylvania Board of Probation and Parole (Board) denying his request for administrative relief from an order of the Board that he serve sixteen months backtime as a technical parole violator. We vacate and remand.

Petitioner was paroled on July 11, 1985 from the State Correctional Institution at Huntingdon. He was placed on delinquent status from December 1, 1985. On February 20, 1986 Petitioner was arrested by an agent of the Board and charged with the following technical violations:

| | |
|---|---|
| Condition 1 | Leaving the district without permission; |
| Condition 2 | Changing residence without permission; |
| Condition 3A | Failing to report to and follow written instructions of the Board or Parole Supervision staff; |

| Condition 5B | Possessing or owning a firearm or other weapon; and |
| Special Condition 6 | Refrain from consuming alcohol. |

At his parole violation hearing, Petitioner admitted violating conditions 1, 2, 3A and 6; he denied violating condition 5B[1] which is the subject of this appeal.

Jack Wagner, Assistant Parole Supervisor of the Butler District office, testified that on February 20, 1986, he, five state police officers, and Parole Agent Uram, apprehended Petitioner. Mr. Wagner stated that they went to a mobile home in search of Petitioner, who was thought to be armed with a .44 Magnum. Mr. Wagner saw Petitioner run from the back of the mobile home and yelled at him to stop. Petitioner stopped. Mr. Wagner testified further that Petitioner was searched at the scene and ". . . we found no weapon, we found no revolver or we did not discover a .44 magnum. We did find on his belt a sheath, and in the sheath was a Stanley # 199 utility knife which we took from him. . . ." Petitioner testified that he was using the knife to install insulation around the windows of the mobile home. The Board without explanation found Petitioner in violation of Condition 5B of parole for "possession of a knife."

The sole issue before us is whether the Board erred in finding Petitioner violated condition 5B of his parole. Petitioner contends that he was using this utility knife for a legitimate purpose and that it is, therefore, not a weapon, barring some showing that he intended to use it as a weapon. The Board relies on *Michael v. Pennsylvania Board of Probation and Parole*, 85 Pa. Commonwealth Ct. 173, 481 A.2d 711 (1984). In *Michael*, the parolee was arrested for leaving the scene of an accident

---

[1] 37 Pa. Code §63.4(5)(ii).

and at the time of his arrest had in his possession a folding knife with a 3½″ blade. The knife was in a folded state and secured in a sheath attached to the parolee's belt. The parolee argued that the knife he had on his person was not a weapon, per se, since it also had a utilitarian purpose in addition to its use as a potential weapon. Although we acknowledged in *Michael*, after citing to *Commonwealth v. Moore*, 259 Pa. Superior Ct. 560, 393 A.2d 967 (1978), that such a knife would not in and of itself fall within the definition of "weapon" contained in Section 907(c) of the Crimes Code, 18 Pa. C. S. §907(c), we held that "[i]n the absence of a specific definition for the word 'weapon' as found in 37 Pa. Code §63.4(5)(ii), [condition 5B], the Board was not wrong in ruling that the knife in question was a weapon for parole violation purposes." *Michael*, 85 Pa. Commonwealth Ct. at 175, 481 A.2d at 712.

In *Michael*, however, there was no indication that the parolee was using the knife for a legitimate purpose. In the instant case, on the other hand, Petitioner testified that he was using the utility knife to install insulation, a legitimate purpose. We therefore conclude, that where, as here, the Petitioner has introduced evidence that he was using the alleged weapon for a legitimate purpose, the Board must make specific findings on whether it was actually being used for that legitimate purpose. If it were otherwise, a parolee would be in violation of his parole every time he picked up a steak knife to eat dinner, or a sickle to cut weeds. We cannot believe that even under the Board's broadest definition of the term "weapon" it was meant to include such a result. Accordingly, we vacate and remand this case to the Board for further findings on the issue of whether the Petitioner's utility knife was a weapon.

ORDER

NOW, May 28, 1987, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is hereby vacated and this case is remanded to the Board for further findings consistent with this opinion.

Jurisdiction relinquished.

Senior Judge KALISH dissents.