531 A.2d 834

Albert Ackerman, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs April 24, 1987, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Lester G. Nauhaus,* Public Defender, with him, *John H. Corbett, Jr.,* Chief, Appellate Division, and *Melaine Shannon Rothey,* Appellate Counsel, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY JUDGE PALLADINO, September 30, 1987:

Albert Ackerman (Petitioner) appeals from a decision of the Pennsylvania Board of Probation and Parole (Board) which denied him administrative relief from a Board order recommitting him to serve 58 months backtime.

The facts in this matter are not in dispute. On March 17, 1983, after having absconded from parole supervision and been declared delinquent, Petitioner committed an offense in Temple, Texas which led to his conviction of robbery by force and threats. Upon being

arrested, Petitioner was discovered to have in his possession a sock partially filled with sand. Petitioner told the arresting officer that the sock made a good weapon and that he had used it in committing the robbery.

Upon Petitioner's return to Pennsylvania, the Board held a timely violation/revocation hearing and subsequently ordered Petitioner recommitted for 40 months as a convicted parole violator[1] and 18 months as a technical parole violator for violating old conditions 1 (failure to report regularly to parole agent), 2 (changing residence without permission), 5 (leaving parole district without permission) and 6 (possession of a deadly weapon).[2] The Board found that Petitioner's possession of the sock filled with sand constituted possession of a deadly weapon in violation of Condition 6.

Petitioner contends that the Board erred as a matter of law in determining that the sock was a weapon, or, in the alternative, that, even if the sock was a weapon, the Board had no authority to recommit him as a technical parole violator for possession of the weapon in light of

---

[1] The Board stated in its recommitment order:
Recommit to a state correctional institution as a *technical* parole violator and a *technical* parole violator to serve a total of 58 months on backtime.
— 18 months for multiple technical violations. . . .
— 40 months for the offense of robbery by force and threat. Evidence relied on: Conviction in a court of record.
. . . [Emphasis added.]
Despite the above-emphasized repetition of the word "technical", the Board clearly meant to recommit Petitioner as both a technical and *convicted* parole violator.

[2] Old conditions of parole, adopted August 13, 1971, 1 Pa. B. 1654, were in effect when Petitioner was released on parole on March 11, 1977. The general conditions governing parole have since been amended and are found in current form in 37 Pa. Code 63.4.

our Supreme Court's decision in *Rivenbark v. Pennsylvania Board of Probation and Parole,* 509 Pa. 248, 501 A.2d 1110 (1985). Petitioner does not challenge his recommitment on the other technical violations nor on the robbery conviction.

Our scope of review for Board orders is limited to whether the Board has committed an error of law or violated a constitutional right, or whether findings of fact are supported by substantial evidence. *Pierce v. Pennsylvania Board of Probation and Parole,* 106 Pa. Commonwealth Ct. 295, 525 A.2d 1281 (1987).

A weapon has been defined by this court as "an instrument of offensive or defensive combat: something to fight with" *Michael v. Pennsylvania Board of Probation and Parole,* 85 Pa. Commonwealth Ct. 173, 481 A.2d 711 (1984) (quoting Webster's Third New International Dictionary 2589 (1976)). We find no trouble in reaching the conclusion that a sock, weighted at one end with sand and swung with strong force is a deadly weapon which could severely injure or even kill a potential victim if used in such a manner. Therefore, we hold that the Board did not err in finding that the sand-filled sock was a weapon in violation of condition 6.

Petitioner contends, however, that even if we conclude that the sand-filled sock was a weapon, the Board nevertheless had no authority to recommit him as a technical parole violator for violating condition 6. Petitioner's contention is based on *Rivenbark v. Pennsylvania Board of Probation and Parole,* 509 Pa. 248, 501 A.2d 1110 (1985), in which our Supreme Court held that, pursuant to Section 21.1 of the Parole Act,[3] the Board has no authority to recommit a parolee as a technical violator for acts constituting a new crime of which the parolee is convicted.

---

[3] Act of August 6, 1941, P.L. 861, *as amended,* added by the Act of August 24, 1951, P.L. 1401, *as amended,* 61 P.S. §331.21a.

In a case similar to the one at bar, this Court vacated a Board order recommitting a parolee as both a convicted parole violator and as a technical parole violator for possession and use of a knife in the course of a robbery. *Threats v. Pennsylvania Board of Probation and Parole*, 102 Pa. Commonwealth Ct. 315, 518 A.2d 327 (1986). However, in *Threats*, we noted that "where the record before the board establishes that the recommitted parolee violated a technical condition independently, and separately in time, from the commission of the crime, backtime based upon that technical violation would be warranted." 102 Pa. Commonwealth Ct. at 322, 518 A.2d at 330-31.

The record in this matter shows (1) that Petitioner was arrested with the weapon in his possession during the course of an apparent robbery and admitted to the arresting officer that he had used it during the robbery, and (2) that Petitioner was convicted of robbery by force and threats. Therefore, *Rivenbark* prevents Petitioner's recommitment for a technical violation of condition 6. Accordingly, we remand for recomputation of Petitioner's backtime for the technical parole violations.

## ORDER

AND NOW, September 30, 1987, the decision of the Pennsylvania Board of Probation and Parole in the above-captioned matter is reversed insofar as it recommits Petitioner for violation of condition 6, and remanded for recomputation of Petitioner's backtime for the technical parole violations.

Jurisdiction relinquished.