533 A.2d 1156

William E. Knuckles, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole et al., Respondents.

Submitted on briefs June 12, 1987, to Judges MAC-PHAIL and BARRY, and Senior Judge NARICK, sitting as a panel of three.

*John P. Liekar, Sr.,* for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE NARICK, December 4, 1987:

William Knuckles (Petitioner) petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board) which denied his request for administrative relief. We affirm.

While on parole, Petitioner violated technical parole condition 5B (refrain from owning or possessing firearms or other weapons). He was recommitted to serve four months backtime; his backtime was less than the presumptive range (six to twelve months) because the Board found as a mitigating circumstance that Petitioner had community support. When Petitioner's request for administrative relief was refused, he appealed to this Court.

It is necessary to indicate in some detail the evidence presented at the parole violation hearing. Parole

agent Durka testified that on May 1, 1986 he and supervisor Green, apparently acting on a tip, contacted Petitioner at his residence. Petitioner was asked whether he had any firearms; he denied having any and gave permission for the house to be searched. The agents discovered a loaded rifle behind a living room chair. In addition, several boxes of shotgun shells were found in the house.

Petitioner testified that while he knew the rifle was in the house he was not "in possession" of it. He explained that the house he had been residing in (with his agent's authorization) had belonged to his father who had died approximately three months earlier and that the rifle had belonged to him. There is no dispute that Petitioner had permission to live at the residence previously occupied by his father.

On appeal here Petitioner raises numerous arguments for our consideration. We shall examine them seriatim keeping in mind that our scope of review of a Board order is limited to determining whether there has been a constitutional violation or an error of law and whether the Board's necessary findings are supported by substantial evidence. *Nickens v. Pennsylvania Board of Probation and Parole,* 93 Pa. Commonwealth Ct. 313, 502 A.2d 277 (1985).

Petitioner first contends that because the parole agent did not have a search warrant the search was violative of the Fourth Amendment of the United States Constitution and hence the evidence from that search cannot be used at his Board hearing. Were the agents acting in concert with the police Petitioner's argument *might* be persuasive. *See Commonwealth v. Brown,* 240 Pa. Superior Ct. 190, 361 A.2d 846 (1976). But no such concerted action is indicated here. Rather, the facts here indicate that this issue is controlled by *Nickens* wherein we recognized that the Fouth Amendment exclusionary

rule is generally not applicable to parole violation hearings.

Petitioner next contends that evidence from the search was inadmissible because consent to search the premises was obtained through duress. Our review of Petitioner's testimony discloses that he said not one word which would indicate that he felt compelled to allow the search. Therefore, there is no evidence of record to support his claim of duress and we need not consider it further.

Next, Petitioner claims that the Board failed to establish "beyond a reasonable doubt" that Petitioner was the owner of the rifle. Petitioner misstates the applicable law here in two respects. First, the Board's burden is to prove a parole violation by the preponderance of the evidence, *Nickens; Hossback v. Pennsylvania Board of Probation and Parole*, 80 Pa. Commonwealth Ct. 344, 471 A.2d 186 (1984). Second, the parole condition Petitioner violated does not require that the parolee own the weapon, but merely be in possession of it. Assuming, for purposes of argument, that the owner had been Petitioner's father, that does not negate the fact that Petitioner had constructive possession of the rifle. Constructive possession occurs when one does not have actual possession but rather has the intent and power at a given time to exercise control and dominion over the object either directly or through another person. *Nickens* (citing *U.S. v. Daniel*, 527 F.2d 1147 (6th Cir. 1975)).

An argument similar to that raised by Petitioner was raised in *Seifrit v. Pennsylvania Board of Probation and Parole*, 100 Pa. Commonwealth Ct. 226, 514 A.2d 654 (1986) where Seifrit argued that marijuana found in his residence belonged to his girlfriend. Relying upon the facts that the drug was in plain view, that it was in Seifrit's residence, and that Seifrit's girlfriend had

moved out, we held that the Board had met its burden by demonstrating constructive possession of the marijuana. We believe that on the facts of this case the same result is compelled. Additionally, we note that the Board, as fact-finder, is free to reject any explanation offered by Petitioner. *Seifrit; Nickens.*

Next, Petitioner asserts that the Board failed in its burden because it did not enter the rifle into evidence or prove that it was operable. First, we note that the parole agent testified that the weapon was in his car outside and "was available." Petitioner never asked to examine it. We thus think that he has waived his right to object. We note, additionally, that the parole agent did testify as to having found the weapon at the residence, testimony which Petitioner did not dispute. Further, the law is clear that even in a criminal case, which this clearly is not,[1] the Commonwealth must prove operability of a weapon only if the defense first asserts the weapon was inoperable. *Commonwealth v. Horshaw,* 237 Pa. Superior Ct. 76, 346 A.2d 340 (1975). No such evidence was presented here; hence, Petitioner's argument must fail.

In a related argument, Petitioner asserts that without the entry of the rifle into evidence there was no proof that it was a "firearm" as defined in Section 6102 of the Crimes Code, 18 Pa. C. S. §6102. This argument must also fail inasmuch as we have held that the definition in Section 6102 of the Crimes Code is not controlling for purposes of interpreting technical parole condition 5B. *See Michael v. Pennsylvania Board of Probation and Parole,* 85 Pa. Commonwealth Ct. 173, 481 A.2d 711 (1984). We instead construed weapon to mean

---

[1] *See Gundy v. Pennsylvania Board of Probation and Parole,* 82 Pa. Commonwealth Ct. 618, 478 A.2d 139 (1984) (holding that parole revocation is a civil, not a criminal, matter).

"an instrument of offensive or defensive combat: something to fight with." *Id.* at 175, 481 A.2d at 712 (quoting Webster's Third New International Dictionary 2589 (1976)). Certainly, the rifle in this case falls within that definition.

Finally, Petitioner asserts that the Board by approving the place of residence gave its implied consent to the presence of firearms on the premises. Agent Durka testified that when approving a residence it is not the practice to search a home before permitting a parolee to move in. We think requiring a parole agent to do so would be foolish and wasteful. Petitioner knew the conditions of his parole; if in fact, as he asserts, the rifle was there when he moved in, he could have avoided any problem by properly reporting its presence to his agent.

Having found that the Board committed no legal error or constitutional violation and that its findings were substantially supported, we affirm its order.

### ORDER

AND NOW, this 4th day of December, 1987, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is hereby affirmed.