**Elliott THOMPSON, Petitioner,**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 15, 1999.

Decided Sept. 28, 2000.

John E. Kravitz, Norristown, for petitioner.

Arthur R. Thomas, Harrisburg, for respondent.

BEFORE: DOYLE, President Judge, KELLEY, J., NARICK, Senior Judge.

DOYLE, President Judge.

Elliott Thompson (Petitioner) petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board), dated June 3, 1999, denying his request for administrative relief from an order recommitting him as a technical parole violator to serve an additional 12 months of his original sentence.

On December 21, 1993, Petitioner was sentenced to two concurrent sentences of 4–10 years for the charges of Robbery that he committed with a handgun and Criminal Conspiracy in the Court of Common Pleas of Philadelphia County and, on August 21, 1997, he was released on parole.

On January 13, 1998, Petitioner was arrested and charged with three technical violations of parole, *viz.* (1) a violation of condition 5A, use of marijuana; (2) a violation of condition 7, consumption of alcohol; and (3) a violation of condition 5B, owner-

---

ship or possession of a firearm **or weapon**. On January 22, 1998, the Board held a revocation hearing wherein Petitioner admitted to the violation of conditions 5A and 7. Petitioner, however, denied that he violated condition 5B. As to condition 5B, the parole officer testified that Petitioner possessed a "toy gun," [1] which was wrapped with black electrical tape. Petitioner argued that possession of a "toy gun" was not, as a matter of law, a violation of 5B.

By a revocation decision mailed March 19, 1998, the Board recommitted Thompson as a technical parole violator for violating all three parole conditions and ordered him to serve 12 additional months of his original sentence. On March 27, 1998, Petitioner filed an administrative appeal in which he argued that he did not violate condition 5B because he had not possessed a weapon. By a determination mailed June 3, 1999, the Board denied Petitioner's administrative appeal. This appeal followed.

On appeal,[2] Petitioner argues that there was insufficient evidence to support a finding that he violated condition 5B, because he did not possess a firearm or weapon.[3] As to the issue of whether Petitioner's water gun constitutes a weapon for purposes of violating parole condition 5B, we believe that it does. We have approved the use of the Board's definition of "weapon," as used in condition 5B, as an instrument of offensive or defensive combat. *Michael v. Pennsylvania Board of Probation and Parole*, 85 Pa.Cmwlth. 173, 481 A.2d 711 (1984).

Petitioner cites three cases where this Court has held the following: that a 3½ inch folding knife was a weapon, *Michael;* that the possession of nunchakus [4] was a weapon, *Keastead v. Pennsylvania Board of Probation and Parole*, 100 Pa.Cmwlth. 84, 514 A.2d 265 (1986); and that a sock filled with sand was a weapon, *Ackerman v. Pennsylvania Board of Probation and Parole*, 109 Pa.Cmwlth. 599, 531 A.2d 834 (1987), *petition for allowance of appeal denied*, 522 Pa. 590, 561 A.2d 742 (1989). Petitioner attempts to distinguish the above three cases from the case *sub judice* by arguing that, in the above cases, the common thread is that, if the items are used the wrong way, they could actually hurt somebody, whereas a water gun can only get somebody wet.

The Board, on the other hand, argues that Petitioner's water gun, which was wrapped in black electrical tape, did constitute an instrument of offensive or defensive combat. The Board states in its brief that, "[t]he plastic handgun covered with black electrical tape that [Petitioner] possessed was an instrument of offensive or defensive combat because, by possessing it, he had an **apparent ability** to exert deadly force against another that would have helped him prevail in offensive or defensive combat." (Board's brief at 6.) (Emphasis added.)

We agree with the Board that the water gun's *apparent* ability to be used as a weapon of deadly force against another is

---

1. The term "toy gun" and "water gun" are used interchangeably in this Opinion. The Petitioner, in fact, possessed a water gun, which is a toy gun.

2. This Court's standard of review of the Board's recommitment order is limited to determining whether the Board's adjudication is supported by substantial evidence, whether an error of law has been committed, or whether the parolee's constitutional rights have been violated. *Moroz v. Pennsylvania Board of Probation & Parole*, 660 A.2d 131 (Pa.Cmwlth.1995).

3. In his brief, Petitioner argues at length that a water gun is not a firearm, by relying on a dictionary definition of firearm and the definition of a firearm as found in the Crimes Code, 18 Pa.C.S § 6102. We agree with Petitioner that a water gun does not constitute a firearm for purposes of violating parole condition 5B. We are left, nonetheless, with the determination of whether a water gun constitutes a weapon as defined in parole condition 5B.

4. Nunchakus are a martial arts fighting device that consists of two pieces of wood held together by a chain.

more than enough to support a finding that it constituted a weapon for purposes of violating parole condition 5B. Although this is an issue of first impression with our Court, the Superior Court, in *Commonwealth v. Johnson*, 212 Pa.Super. 1, 239 A.2d 861 (1968), affirmed the conviction of a defendant for aggravated robbery where the defendant used a toy gun in the commission of the robbery. The court held that a toy gun which has the appearance of a real weapon comes within the meaning of the term offensive weapon as used in the statute then in effect.[5] The court further stated that, "[a]lthough a toy gun may not be classified as a deadly weapon, the manner of its use and the reaction it causes may make it an offensive weapon." *Id.* at 862.

In addition, the Board cites two federal cases in which the courts found that a fake gun, and a concealed hand which mimics a gun, are dangerous weapons because they look like real guns. *See United States v. Dixon*, 982 F.2d 116 (3 rd Cir.1992), *cert. denied*, 508 U.S. 921, 113 S.Ct. 2371, 124 L.Ed.2d 276 (1993); *Coston v. Zimmerman*, 725 F.Supp. 846 (E.D.Pa.1989). We agree with the Superior Court and the federal courts that a realistically looking fake gun, water pistol or toy gun has such an appearance as to render it a dangerous or offensive weapon because of the reaction it may cause. We believe the reasoning and analysis of the cases relied on by the Board are applicable to the present case. Because the mere possession of a water pistol by an individual gives that individual the apparent ability to exert deadly force on another, we hold that the possession of it constitutes an offensive weapon for purposes of parole condition 5B.

Order affirmed.

## ORDER

**NOW**, September 28, 2000, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is hereby AFFIRMED.

---

5. Act of June 24, 1939, P.L. 872, Section 705, formerly 18 P.S. § 4705 provided, in pertinent part, "[w]however, being armed with an offensive weapon or instrument, robs or assaults with intent to rob another ... is guilty of a felony."