IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert Endrikat,                          :
                                          :
                    Petitioner            :
                                          :
          v.                              :  No. 486 M.D. 2022
                                          :  Submitted: October 10, 2023
Pennsylvania Department of                :
Corrections and Superintendent            :
Mark Wahl,                                :
                                          :
                    Respondents           :


BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE ELLEN CEISLER, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                    FILED:    December 20, 2023


          Before this Court, in our original jurisdiction, are the Pennsylvania
Department of Corrections' and Superintendent Mark Wahl's (collectively, the
Department) Preliminary Objections in the nature of a demurrer (POs) to Robert
Endrikat's (Inmate) *pro se* Petition for Writ of Mandamus (Petition).  For the
foregoing reasons, we sustain the Department's POs and dismiss the Petition.

          Inmate is currently incarcerated at State Correctional Institution (SCI)
at Albion, but he was incarcerated at the SCI-Waymart during the events giving rise

to the present matter.[1]  Petition ¶1; Petitioner's Response to Preliminary Objections ¶1.  Inmate is serving an aggregate term of 6 to 12 years' imprisonment arising out of a conviction for sex offenses.  Petition ¶6.  Inmate avers that he reached his minimum sentencing date on June 6, 2019, and subsequently filed a parole application.  Petition ¶14.

Consequently, Inmate alleges "[o]n or about November 15[,] 2018[,] [the Pennsylvania Parole Board (Board)] issued a Parole Number and [s]cheduled a Parole Hearing date for March 6[,] 2019."  Petition ¶15.  However, one SCI-Waymart employee withdrew Inmate's hearing date and cancelled the hearing, and another SCI-Waymart employee "refused to correct an error on [Inmate's] yearly review.  As a result, [Inmate] was not placed in the mandatory classes/programs in order to be eligible for parole.  The Department . . . continue[s] to refuse [Inmate] access to the [Board] as [mandated] by statute[.]"  *Id*. ¶¶16-17.  Similarly, Inmate claims that SCI-Waymart employees have placed him on a two-year waiting list for mandatory prescribed programs and that Department employees "informed [him] that he will never be able to take the required courses and surely will '[m]ax out his sentence no matter what he does.'"  *Id*. ¶¶20-21.  Inmate contends he has exhausted all remedies available to him at law, and on September 22, 2022, he filed the instant Petition seeking his release from confinement.  *Id*. ¶19.  Ultimately, Inmate seeks to compel the Department to release him from confinement.  *Id*. Conclusion.

On February 22, 2023 the Department filed POs pursuant to Pa.R.Civ.P. 1028(a)(4), claiming that the Petition is legally insufficient.  POs ¶16.  In part, the Department argues that Inmate has no clear right to relief, because the decision to release him from confinement on parole is the sole province of the Board.

---

[1] On November 28, 2022, Inmate was transferred from SCI-Waymart to SCI-Albion. Petitioner's Answer to Preliminary Objections ¶1.

2

*Id*. ¶¶25-27. However, the Department also argues that Inmate's allegations concerning its employees' conduct are unsupported by factual averments, and thus fail to meet the pleading standard under Pa.R.Civ.P. 1019. *Id*. ¶¶42-48.

Specifically, the Department argues that Pa.R.Civ.P. 1028(a)(4) "provides that a [PO] may be filed for legal insufficiency of a pleading, *i.e.*, a demurrer." Respondents' Brief in Support of their Preliminary Objections (Respondents' Brief) at 11. As such, the Department contends that Inmate has failed to cite any authority which would give him a right to the relief he seeks. *Id*. at 12. Because Section 6132(a)(1)(i) of the Prisons and Parole Code, 61 Pa. C.S. §6132(a)(1)(i), grants the Board the exclusive power "[t]o parole and reparole, commit and recommit for violations of parole and to discharge from parole all persons sentenced by any court at any time to imprisonment in [an SCI,]" the Department is powerless to grant Inmate's request. Respondents' Brief at 13. Additionally, the Department claims that parole is a favor, such that inmate "has neither an absolute right to parole nor a liberty interest in receiving parole." *Id*. at 13 (citing *Ughbanks v. Armstrong*, 208 U.S. 481, 488 (1908); *Keastead v. Pennsylvania Board of Probation and Parole*, 514 A.2d 265, 267 (Pa. Cmwlth. 1986); and *Krantz v. Pennsylvania Board of Probation and Parole*, 483 A.2d 1044, 1047 (Pa. Cmwlth. 1984)). "In other words, in Pennsylvania, a prisoner has no constitutionally protected liberty interest in being released from confinement prior to the expiration of his or her maximum term." Respondents' Brief at 13 (citing *Tubbs v. Board of Probation and Parole*, 620 A.2d 584, 586 (Pa. Cmwlth. 1993)).

Moreover, the Department rejects Inmate's attempts to direct the exercise of its discretion over sex offender treatment and counseling. Respondents' Brief at 14. The Department contends that under Section 9718.1(d) of the

Sentencing Code, 42 Pa. C.S. §9718.1(d), there is no legal right to participate in the Department's counseling and therapy programs or to be paroled, and, likewise, in *Clark v. Beard*, 918 A.2d 155, 159 (Pa. Cmwlth. 2007), our Court held that "[m]andamus is not used to direct the exercise of judgment or discretion of an official in a particular way." Respondents' Brief at 14. Nevertheless, the Department notes that Inmate is not without recourse, because Inmate "does have the benefit of the [Department's] inmate grievance process to seek review of the official decision surrounding his institutional counseling and programming requirements." Respondents' Brief at 14.

Finally, the Department argues that Inmate does not sufficiently plead the facts under Pa.R.Civ.P. 1019, because Inmate failed to provide the Department with documentation establishing: (1) whether an SCI-Waymart employee withdrew or cancelled Inmate's Parole hearing date, which is determined by the Board; (2) that an SCI-Waymart employee refused to correct an error preventing Inmate's yearly review and eligibility for mandatory classes and programs; and (3) that Department employees are preventing Inmate from communicating with the Board. Respondents' Brief at 16.

Conversely, Inmate first recognizes that Pa.R.Civ.P. 1028(a)(4) permits a preliminary objection to be sustained where the pleading is legally insufficient. Petitioner's Brief in Opposition of Respondents' Preliminary Objections (Petitioner's Brief) at 14. However, he argues that "there is no doubt . . . that the law will permit recovery[,]" because he has a right to: (1) be enrolled in courses and to complete them prior to his minimum sentencing date,[2] which he was denied; and

---

[2] As the Department aptly noted, Section 9718.1(d) of the Sentencing Code, 42 Pa. C.S. §9718.1(d), states:

**(Footnote continued on next page…)**

4

(2) apply for parole and have his parole be fairly considered. *Id.* Further, Inmate argues that "[i]t is the duty of Department and [the Board] to ensure [p]arole and [p]arole [r]elease are [carried] out in an **EFFICIENT** and **TIMELY MANNER**." *Id.* at 15 (emphasis in original). Taken together, he contends he possesses a clear legal right to enforce his release from confinement in SCI-Albion. *Id.*

Initially, we note:

> In ruling on preliminary objections, we must accept as true all well-pleaded material allegations in the [Petition], as well as all inferences reasonably deduced therefrom. [*Meier v. Maleski*, 648 A.2d 595, 600 (Pa. Cmwlth. 1994)]. The Court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. *Id.*

---

No right of action created. --Notwithstanding any other provision of law to the contrary, this section shall not be construed to confer any legal right upon any individual, including an individual required to participate in the [D]epartment's programs of counseling or therapy for incarcerated offenders, seeking to:

(1)     participate and attend the program provided in subsection (a) at a time of the individual's own choosing;

(2)     modify the contents of the program provided in subsection (a);

(3)     be paroled; or

(4)     file any other cause of action in any court regarding the program provided in subsection (a).

Respondents' Brief at 14. Therefore, under the Sentencing Code, we must reject Inmate's argument that he has a right to be enrolled in any of the Department's counseling programs. *See Stodghill v. Pennsylvania Department of Corrections*, 150 A.3d 547, 553 (Pa. Cmwlth. 2016) ("Because the General Assembly has expressly prohibited [inmate] from seeking to modify the Department's sex offender treatment program or to require his parole under Section 9718.1 of the Sentencing Code, this Court lacks the authority to issue an order directing otherwise.").

5

> In order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them. *Id*.
>
> A preliminary objection in the nature of a demurrer admits every well-pleaded fact in the [Petition] and all inferences reasonably deducible therefrom. [*Clark*, 918 A.2d at 158 n.4]. It tests the legal sufficiency of the challenged pleadings and will be sustained only in cases where the pleader has clearly failed to state a claim for which relief can be granted. *Id*. When ruling on a demurrer, a court must confine its analysis to the [Petition]. *Id*.

*Torres v. Beard*, 997 A.2d, 1242, 1245 (Pa. Cmwlth. 2010). Further, "[m]andamus is an extraordinary writ designed to compel performance of a ministerial act or mandatory duty where there exists a clear legal right in the [petitioner], a corresponding duty in the [respondent], and want of any other adequate and appropriate remedy." *Sheffield v. Department of Corrections*, 894 A.2d 836, 840 (Pa. Cmwlth. 2006), *aff'd*, 934 A.2d 1161 (Pa. 2007).

In light of the above, we agree with the Department, because it is the Board, rather than the Department, that has exclusive jurisdiction over parole matters. Section 6132(a)(1)(i) of the Parole Code, 61 Pa. C.S. §6132(a)(1)(i), provides: "[t]he [B]oard shall have exclusive power [t]o parole and reparole, commit and recommit for violations of parole and to discharge from parole all persons sentenced by any court at any time to imprisonment in [an SCI] pursuant to 42 Pa. C.S. §9762." To that end, the Board's decision to grant or deny parole is purely discretionary, and we may, at most, direct that discretion be exercised, not the particular result of how discretion is exercised. *Coady v. Vaughn*, 770 A.2d 287, 290 (Pa. 2001). Furthermore, it is well settled that parole is not a right, but a gift. "[P]arole is a matter of grace and mercy shown to a prisoner who has demonstrated

to the [Board's] satisfaction his future ability to function as a law-abiding member of society upon release before the expiration of the prisoner's maximum sentence." *Rogers v. Pennsylvania Board of Probation and Parole*, 724 A.2d 319, 322-23 (Pa. 1999) (citing *Commonwealth ex rel. Sparks v. Russell*, 169 A.2d 884, 885 (Pa. 1961)).[3]

Here, at bottom, Inmate is asking us to order *the Department* to place him on parole and release him from confinement. Petitioner's Brief at 13, 17. However, we cannot grant this relief. As discussed above, the Department is powerless to grant parole because that exclusive authority rests with the Board, and, regardless, Inmate possesses no clear legal right to parole. Thus, whatever the veracity of Inmate's claims may be, his Petition is legally insufficient because he fails to state a claim upon which relief can be granted.

Accordingly, we sustain the Department's POs and dismiss Inmate's Petition.[4]

_____
MICHAEL H. WOJCIK, Judge

---

[3] To be clear, while no prisoner has a right to parole, all prisoners have the "right to apply for parole at the expiration of his or her minimum term and to have that application considered by the Board." *Rogers*, 724 A.2d at 287 n. 2 (citing *Banks v. Board of Probation and Parole*, 4 Pa. Cmwlth. 197, 200 (1971)).

[4] On August 29, 2023, Petitioner filed a Motion to Rule in this Court reiterating his wish for this Court to grant his Petition and order his release from confinement. Based on our disposition, the Motion is dismissed as moot.

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert Endrikat, : 
                           : 
           Petitioner : 
                           : 
        v. : No. 486 M.D. 2022
                           : 
Pennsylvania Department of : 
Corrections and Superintendent : 
Mark Wahl, : 
                           : 
           Respondents : 

# **O R D E R**

AND NOW, this 20th day of December, 2023, the Respondents' preliminary objections are SUSTAINED, the petition for review filed in the above-captioned matter is DISMISSED, and the Petitioner's August 29, 2023 Motion to Rule is DISMISSED as moot.

_____

MICHAEL H. WOJCIK, Judge